ISAAC GIBSON v. ALEXANDER PELKIE.

*Failure of Contract.*

There is no contract where there turns out to be no subject matter.   So *held* where the agreement was based on a supposed
    judgment which did not exist.

Evidence is admissible in an action on a contract to show the
    non-existence of its subject-matter.

Error to Mason.   Submitted June 20.   Decided Oct. 18.

ASSUMPSIT.   The facts are shown in the opinion.

*Isaac Gibson* (on brief) for plaintiff in error.   A judgment is presumed valid and of full force (*Kermott v. Ayer*,
11 Mich., 181; *Savier v. Chipman*, 1 Mich., 116; *Rash v.
Whitney*, 4 Mich., 495) and its validity cannot be attacked
collaterally by verbal testimony.   *Thompson v. Richards*, 14
Mich., 172.

*C. G. Wing* (on brief) for defendant in error.   A contract based on a void judgment cannot be enforced.   *Jarvis
v. Sutton*, 3 Ind., 289; *Rood v. Jones*, 1 Doug. (Mich.),
188; *Sharpe v. Rogers*, 12 Minn., 174; *Cabot v. Haskins*,
3 Pick., 83; *Austin v. Grant*, 1 Mich., 490.

GRAVES, J.   The right Gibson asserts is based solely on
an alleged special agreement entitling him to collect so much
as he might of a specific judgment and to retain one-half
of the sum collected.   According to his own statement of
his case, the judgment was the exclusive subject-matter of
the agreement relied on.   No other demand or form of
demand entered into the bargain.   The parties had nothing
else in their minds.   They did not assume to contract about
an unliquidated claim or an unadjudicated cause of action,
the enforcement of which in Pelkie's name might involve
him in a much larger liability than would be likely to attend
the collection of a judgment.   It was a judgment which
formed the subject-matter of the bargain.   Such was the
claim made by the declaration, and such was the case in
issue.   No other ground for recovery appears.   Now, there

was no proof of a judgment; but there was evidence concerning one, and it seems to have been in effect conceded that there was something which had been taken to be a judgment, but which was so defective that it could not avail any thing.

The case must be viewed as it is. It is not admissible to arbitrarily admit one part and reject another. If what there is to show that the supposed judgment was void, is rejected, then all there is to make out the existence of any such judgment will be stricken out, and if that be done there will be no proof whatever of the essence of the cause of action set up. There will be no showing that there was any subject-matter for the alleged agreement and no proof to maintain the actual averments of the declaration. The cause is presented here by both sides upon the theory that there was something which was intended as a judgment, but which was void and hence uncollectible, and the plaintiff in error cannot ask a more favorable view of the record. If then there was a proceeding which was meant to be a judgment, but which was void, there was nothing to which the actual bargaining could attach. There was no subject-matter. The parties supposed there was a judgment, and negotiated and agreed on that basis, but there was none. Where they assumed there was substance, there was no substance. They made no contract because the thing they supposed to exist, and the existence of which was indispensable to the institution of the contract, had no existence. *Allen v. Hammond,* 11 Pet., 63; *Suydam v. Clark,* 2 Sandf. Sup'r Court Rep., 133; *Gove v. Wooster,* Lalor's Supp. to Hill & Den., 30; *Smidt v. Tiden,* L. R., 9 Q. B., 446: 9 Eng., 379; *Couturier v. Hastie,* 5 H. L., 673; *Hazard v. New England Ins. Co.,* 1 Sumn. 218; *Silvernail v. Cole,* 12 Barb., 685; *Sherman v. Barnard,* 19 Barb., 291; Metcalf on Cont., 30, 31; 1 Poth. Ob. by Evans, 113; Benjamin on Sales, §§ 76, 77, Ch., 4; 2 Kent Com., 468. It is therefore the opinion of a majority of the court that the judgment in Pelkie's favor ought not to be disturbed.

Judgment is affirmed with costs.

COOLEY, C. J., and CAMPBELL, J., concurred.