PEOPLES STATE BANK FOR SAVINGS *v.* BLOCH.

1. ATTORNEY AND CLIENT—IMPLIED AUTHORITY TO ACCEPT LESS THAN AMOUNT DUE.

    Attorney employed to collect a note has no implied authority to discharge debtor from liability on receipt of lesser amount than amount due.

2. SAME—COMPROMISE AND SETTLEMENT—RELEASE.

    Without express authority, agent or attorney may not compromise or settle a claim or release debtor from his obligation without receiving full amount due.

3. PRINCIPAL AND AGENT—AUTHORITY OF AGENT TO COMPROMISE CLAIM—BURDEN OF PROOF—RATIFICATION.

    Burden of establishing authority of agent to compromise or settle a claim or ratification of such settlement by principal is on one claiming such authority.

4. SAME—CREDITING PAYMENT NOT RATIFICATION OF UNAUTHORIZED RELEASE.

    When a payment is made in money to agent, and the amount thereof is credited on a claim by principal, it does not constitute ratification of agent's unauthorized act in releasing debtor from balance of claim.

5. SAME—IMPLIED AUTHORITY OF AGENT TO COMPROMISE LIQUIDATED CLAIM.

    Agent has no implied authority to compromise liquidated claim or release debtor upon payment of less than amount due.

6. SAME—ACCEPTANCE OF PARTIAL PAYMENT—RELEASE.

    Principal's acceptance of payment on claim less than amount due without knowledge of agent's unauthorized compromise or release of debtor, does not release debtor except to extent of amount paid.

Error to Muskegon; Vanderwerp (John), J.  Submitted October 8, 1929.  (Docket No. 13, Calendar No. 34,480.)  Decided December 4, 1929.

Assumpsit by Peoples State Bank for Savings, of Muskegon, Michigan, a State banking corporation, against I. M. Bloch, Harry Bloch, and Sol Bloch on a promissory note. From a judgment *non obstante veredicto* for Harry Bloch, plaintiff brings error. Reversed.

*Willard G. Turner, Jr. (Raymond J. Engle and R. Burr Cochran, of counsel), for plaintiff.*

*George H. Cross,* for defendant Harry Bloch.

BUTZEL, J. On January 3, 1927, the Peoples State Bank for Savings, plaintiff herein, was suing Harry Bloch, I. M. Bloch, and Sol Bloch, defendants herein, in the circuit court of Chicago, Illinois. The suit was brought on a promissory note and bond of guaranty accompanying it. The suit was settled in Chicago by defendants paying a considerable amount of cash and also giving plaintiff a note for $2,241.17. This note is dated January 3, 1927, is payable in three months after date, and contains a power of attorney to confess judgment against the maker in the event of a default. This form of judgment note has been frequently used and its legality upheld in the State of Illinois. I. M. Bloch was the maker of the note, and Harry Bloch, defendant in the present case, and Sol Bloch were the indorsers. Immediately above the indorsements on the reverse side of the note, the following words appear:

"It is understood that the indorsers on this note are jointly liable."

The testimony shows that C. Lysle Smith, a practicing attorney in Chicago, not only had charge of the previous lawsuit and settlement on behalf of the plaintiff bank, but also was retained to collect this

note in Chicago. There is no evidence whatsoever that he was authorized to do anything else except to collect the note and bring suit, if it should become necessary. His testimony shows that the note was duly presented for payment, protested for nonpayment, and notice thereof sent to indorsers. Harry Bloch, who is the only defendant who was served, or appeared, in the present suit, claims that the words hereinabove quoted were written on the note without his knowledge or consent and after he had indorsed it; further, that the note was not presented for payment, and that he received no notice of its dishonor. After the note was protested, judgment was taken in Chicago on the power of attorney contained in the note against I. M. Bloch, the maker. Subsequently, Harry Bloch came to Smith's office and attempted to negotiate a settlement of the judgment and the note. Harry Bloch stated that he was tired of the entire matter, and that he wanted to pay half of the note on that day and be released from further liability. He further stated that his son Sol would pay the other half of the note the following day. Harry thereupon paid one-half of the judgment rendered on the note and certain court costs. His son Sol never paid anything. When Harry paid half of the note, Smith, without any authority whatsoever, executed the following instrument:

"Know all men by these presents, that Peoples State Bank for Savings, Muskegon, Michigan, by C. Lysle Smith, its attorney, does hereby remise, release and forever discharge Harry Bloch, his heirs, executors and administrators, of and from all manner of actions and causes of action, suits, debts and claims whatsoever, in law or in equity which the said Peoples State Bank for Savings, Muskegon, Michigan, ever had, now have or hereafter may have for or by reason of any cause, matter or thing, what-

soever, arising out of the indorsement of the said Harry Bloch on the note of I. M. Bloch in the amount of $2,241.17, dated January 3, 1927, payable three months after date.

"And the said C. Lysle Smith, as attorney for Peoples State Bank for Savings, Muskegon, Michigan, does hereby undertake and agree to assign to Harry Bloch and Sol N. Bloch, the judgment hereinbefore entered on April 7, 1927, in the municipal court of Chicago, as case No. 1411947, Peoples State Bank for Savings, Muskegon, Michigan, v. I. M. Bloch, and to deliver the said assignment and said note to Mr. Sol N. Bloch or to Mr. Jesse Marcus, as attorney, immediately upon the payment by Mr. Sol N. Bloch of his proportionate share thereof.

"Dated at Chicago, this 16th day of May, A. D. 1927.

"PEOPLES STATE BANK FOR SAVINGS,
"Muskegon, Michigan,
"By C. LYSLE SMITH,
"Its Attorney."

Smith sent the amount of money received, less his fees, to plaintiff bank, but did not say anything whatsoever in regard to giving defendants a release. The bank had never authorized him to give it, and did not know of it when it received the money, which it credited upon the note. In fact, the bank did not learn of the existence of the so-called "release" until shortly before the suit was begun, a considerable period after it had received the money. Suit was brought to recover the balance of the note from Harry Bloch, who seemed to be the only responsible defendant. He relied in his defense on this "release," as well as the other defenses hereinbefore set forth. The attorneys for defendant made a motion for a directed verdict for defendant, but the trial judge left all of the questions raised to the

jury, but reserved the question of the effect of the release until after the jury's verdict.    The verdict was in favor of the plaintiff bank for the full balance due on the note.    This disposed of all questions except the authority of the agent-attorney to give a release upon payment of one-half of the judgment bond on the note.

A motion was made by the attorney for the defendant for judgment *non obstante veredicto.*    The circuit judge filed a written opinion in which he held that defendant Harry Bloch had been released from all liability by the execution and delivery of the release signed by Smith as attorney for the plaintiff and the retention of the moneys by the plaintiff. He entered judgment for defendant, notwithstanding the verdict.    All the questions in the case have been disposed of by the verdict of the jury with the exception of whether Smith had the authority to give the release, and whether the plaintiff bank had not ratified the unauthorized acts by acceptance of the money and the failure to return it to defendant Harry Bloch prior to the institution of this suit. The defendants claim some other errors, which in no way could be prejudicial.    The sole question is whether an attorney retained to collect a note and bring suit if necessary has the power without special authority to release a debtor from liability upon receipt of one-half of the amount of the claim, and whether, when he transmits it to his principal without notifying him of the release, the latter is entitled to retain the money and credit it on the past-due indebtedness of the debtor, or whether he must first return it to the debtor before he may maintain an action.    We believe the circuit judge was in error in rendering a judgment notwithstanding the verdict.

An attorney employed to collect a note has no implied authority to discharge a debtor from liability upon receipt of a lesser amount than the amount due. The rule is well established that, without express authority, an agent or an attorney may not compromise or settle a claim or release a debtor from his obligation without receiving the full amount due. The burden of establishing the authority of the agent or a ratification by plaintiff is on defendant, the one claiming the authority. *Hurley* v. *Watson,* 68 Mich. 531; *Fetz* v. *Leyendecker,* 157 Mich. 355; *Hall* v. *Presnell,* 157 N. C. 290 (72 S. E. 985, 39 L. R. A. [N. S.] 62, Ann. Cas. 1913 B, 1293). When a payment is made in money, and the amount thereof is credited on a claim, it does not constitute a ratification of an unauthorized act in releasing the debtor from the balance of the claim. *United States* v. *Beebe,* 180 U. S. 343 (21 Sup. Ct. 371).

While all the transactions leading up to the present case took place in Illinois, with the exception of the receipt of the money by plaintiff without knowledge of the release, there is no conflict of laws; the rule being the same in Michigan as it is in Illinois. An Illinois case is, however, helpful, both on the questions of the lack of authority of the agent to release a debtor and the noncreation of a ratification by acceptance of the moneys by the principal without knowledge of the release. *Danziger* v. *Pittsfield Shoe Co.,* 204 Ill. 145 (68 N. E. 534), was an action for goods received. The defendant claimed that he arrived at a settlement of the case by giving the plaintiff's attorney a check for a portion of the amount and returning a portion of the goods. He relied on the rule that acceptance of a portion of a sum due, if that amount is in dispute, will amount to a settlement of the case. Judgment for plaintiff for

the amount claimed by it to be due was affirmed, the court saying:

"The authority of an attorney to prosecute a suit does not involve authority to compromise it. Before an attorney can compromise a suit, he must have a special authority for that purpose (*Wetherbee* v. *Fitch,* 117 Ill. 67 [7 N. E. 513]). Where an attorney, employed to prosecute or defend a suit, makes an agreement for the settlement of the same out of court, and without making the agreement a part of the decree or judgment in the suit, the client will not be bound by such agreement, or settlement, without proof of authority in the attorney to bind the client, or acquiescence on the part of the client after knowledge of the facts; and, in such case, there is no presumption of authority, but the burden of proof rests on the party alleging authority to show that fact (*Brooks* v. *Kearns,* 86 Ill. 547). 'Even where attorneys are employed to sue for and collect debts of their clients, the attorneys, without special authority, can lawfully do no more than obtain judgment, have execution issued, receive and receipt for the proceeds. They cannot compromise the debt, give day of judgment, receive a less amount in satisfaction, or receive in payment anything but money' (*Nolan* v. *Jackson,* 16 Ill. 272; *Lochenmeyer* v. *Fogarty,* 112 Ill. 572). Nor can it be said that there is any ratification of such contract of settlement by the client, unless it is shown that the client has full knowledge of the facts."

On the question of whether retention of the proceeds precludes suit, the same court further stated, at p. 150, 204 Ill. (68 N. E. 536):

"No offer was made to show that the information that the check was accepted or received by Bicknell in alleged full settlement was communicated to the appellee's attorneys, or to the appellee, or that either

appellee or its attorneys had any knowledge of the alleged circumstances, surrounding the giving of the check; or that there was any ratification by the appellee. There were no circumstances proposed to be proven, from which such ratification could be inferred. An offer was made to show that Bicknell was told that the check and goods were tendered in full settlement of the account, but no offer was made to show that such information, if given to Bicknell, was communicated to appellee's attorneys, or to appellee. The fact that appellee accepted the check and credited it upon appellant's account was no evidence of any ratification of a settlement. The correspondence between the parties, together with their evidence, shows clearly that appellant was in the habit of remitting checks to the appellee and receiving credit for the same. There was no offer to show that appellee received this particular check, and gave appellant credit for it, with knowledge that it had been tendered as a settlement of the account. For the reasons above stated, the trial court committed no error in excluding the offered evidence in regard to a settlement."

An agent has no implied authority to compromise a liquidated claim or release a debtor upon payment of less than the amount due. The acceptance of such lesser amount as a payment on account by the principal without knowledge of such unauthorized compromise or release does not release the debtor except to the extent of the amount paid.

The judgment of the lower court is reversed, with costs to plaintiff. The case is remanded to the lower court with instructions to enter judgment for the full amount of plaintiff's claim, less the amount paid plaintiff's attorney.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.