MAYOR v. SANDERS.

COMPROMISE AND SETTLEMENT—PARTNERSHIP.
Bill to set aside a release and discharge, compromising suit between parties, dental technicians, who had entered into a partnership agreement, is dismissed.

Appeal from Wayne; Campbell (Allan), J. Submitted June 15, 1938. (Docket No. 79, Calendar No. 39,698.) Decided October 4, 1938.

Bill by Bela B. Mayor against Ralph D. Sanders to set aside a release, for an accounting and other relief. Decree for plaintiff. Defendant appeals. Reversed.

*Leonard Simons,* for plaintiff.

*John Hal Engel,* for defendant.

POTTER, J. The parties hereto, dental technicians, August 15, 1929, entered into a partnership for carrying on business in Eaton Tower, Detroit. An agreement was signed as follows:

"Received from W. B. Mayor $200, as his ½ one-half share of expenses of equipping the Sanders & Mayor Dental Laboratories, 1108 Eaton Tower, Detroit, Michigan, U. S. A.

(45)

"W. B. Mayor and R. D. Sanders agree to pay equal amounts of the further expenses of equipping said laboratories, after laboratory is equipped, and business started to share equal expenses and profits."

It is undisputed the parties were to contribute an equal amount of money to establish the business, do an equal amount of work in the laboratory to be established, and draw an equal amount of money from the business.

Plaintiff originally put in $900. This money was spent to equip the laboratory. Plaintiff then had trouble with the immigration authorities and was deported, and put in no more money to equip the laboratory for a period of three years. Defendant, not only put in $900 to equip the laboratory, but contributed approximately $4,000. Plaintiff was to do half of the work. He did none. Defendant, finding plaintiff was unable to go ahead and contribute his labor and upon his failing to contribute half of the amount necessary to equip the business, incorporated it. Plaintiff remained in Canada, working for himself and not for the partnership.

In 1932, plaintiff, after having settled his trouble with the immigration authorities, came back to the United States. A corporation had been organized as the Sanders Dental Laboratories, Inc., with an authorized capital stock of $5,000, and all of the stock except qualifying shares were taken by defendant. After plaintiff came back to the United States in 1932, he visited defendant Sanders at the laboratories in Detroit and defendant agreed to sell him one-half of the corporate stock if plaintiff would put in as much money as the defendant Sanders had already contributed and plaintiff was to be given credit for the $900 he had originally invested. Plain-

tiff agreed to do this and entered the employ of the corporation and contributed $395 more to the capital stock thereof. He was to get the stock when he paid for it, that is, when he had contributed an amount of capital equal to that contributed by defendant. Later, the plaintiff became dissatisfied, left the employ of the corporation, and instituted suit against defendant and the corporation. The pleadings in that suit are not before the court in this. That case was settled and plaintiff signed a settlement receipt, as follows:

"For and in consideration of the sum of $1 and other good and valuable considerations, receipt of which is hereby acknowledged and confessed, I do hereby release and discharge Ralph D. Sanders and Sanders Dental Laboratories, Inc., a Michigan corporation, from any and all claims of every kind, nature and description, excepting those claims evidenced by 12 promissory notes, dated September 27, 1933, aggregating a total sum of $1,300, executed by Sanders Dental Laboratories, Inc., to Bela B. Mayor.

"In witness whereof I have executed this release the 31st day of October, 1933.

                    "BELA B. MAYOR

"Witnesses:
   "ALBERT M. STERN"

In pursuance of this settlement agreement, 12 promissory notes, aggregating in principal amount $1,300, were executed and tendered to plaintiff.

The bill of complaint is filed to compel a transfer of the stock of the corporation to plaintiff as security for his investment, for an accounting on the promissory notes above mentioned, and the appointment of a receiver.

After the parties embarked in this business, plaintiff failed to comply with the contract either by con-

tributing the amount of money he agreed to contribute or performing any part of the work incumbent upon him to be performed in carrying out the terms and conditions of the copartnership agreement, and defendant incorporated it. No stock of this corporation was issued to plaintiff, defendant says, because he did not know the whereabouts of plaintiff at the time the corporation was organized. Upon plaintiff making his appearance in Detroit in 1932, defendant offered to deliver to plaintiff an amount of the capital stock of the corporation equal to that held by defendant Sanders if and when plaintiff contributed an amount of capital equal to that contributed by defendant. This proposition was accepted and plaintiff entered the employ of the corporation. Defendant Sanders went away on a vacation and plaintiff had ample opportunity to know the character and condition of the business. He became dissatisfied with the business, retired therefrom, and filed his bill of complaint against defendant. He was represented by counsel and this case was settled by the agreement or settlement receipt above mentioned, signed by him.

Plaintiff now seeks to set aside the settlement and receive the total amount of money which he hazarded in the business, without performing the contract, putting up the money he agreed to put up, contributing his labor for a period of three years, and without suffering any loss from the depression. Plaintiff failed to invest the amount of capital he agreed to invest in the first instance. He failed to contribute his time to the business as he agreed. He used and utilized this time for his own use and benefit, to the exclusion of the proposed partnership. Undoubtedly he was entitled to corporate stock for the $900 invested. But he was to be on the job in 10 days

and got back to the job in three years. In the meantime, the corporation had been organized. Plaintiff then agreed to go on and put up half of the money invested in the corporation, for which he was to have half of the stock. He went to work for the corporation. He put up $395. He failed to put up $1,200 for which he was liable. He left the corporation and commenced suit against it and defendant. This suit was settled and compromised and plaintiff was discharged of $1,200 liability. He accepted the corporate notes in question and now seeks to avoid the settlement, to hold defendant liable for all his losses when he violated his original agreement to put up an equal amount of money with defendant, violated the agreement to put in an equal amount of time with defendant, violated the agreement with defendant to begin work in 10 days, violated the agreement of 1932 to put in an equal amount of money with defendant (receiving credit for the $900), violated his agreement to enter the employ of the corporation, and asks the aid of a court of equity in violating the agreement of compromise in settlement.

Plaintiff claims he was defrauded in the settlement because the corporation proved insolvent. Had plaintiff complied with the original contract, it is not clear it would have been insolvent. It is not claimed it was represented to him that it was solvent. He was in charge of the business of the corporation for some time, in the absence of defendant, and had ample opportunity to know its condition. Defendant offered to let him examine the company's books. Plaintiff concluded to accept the settlement, take his chances of recovering in whole or in part on the notes, and save himself from putting up $1,200 more for one-half of the corporate stock.

Plaintiff's liability to pay this $1,200 was discharged by the settlement made; and if such settlement is set aside, such liability should be reinstated.

It is a principle well established that the compromise and settlement of an asserted claim involved in legal controversy, be it never so doubtful, constitutes a sufficient consideration for the settlement, and for any obligations given by one party to the other in consideration of such settlement. *Weed* v. *Terry,* 2 Doug. (Mich.) 344 (45 Am. Dec. 257); *Van Dyke* v. *Davis,* 2 Mich. 144. The decisions, generally, hold that an agreement to settle an existing suit is sustainable without reference to the merits of the controversy unless under very peculiar circumstances. It is so held on the ground that an alteration in the position of the parties may in itself be an advantage and may in the absence of fraud or other controlling reason be a sufficient consideration. *Sanford* v. *Huxford,* 32 Mich. 313 (20 Am. Rep. 647). A claim made by one of the parties, though totally disallowed, is concluded by a settlement between them. *City of Detroit* v. *Detroit Railway,* 134 Mich. 11 (104 Am. St. Rep. 600).

If plaintiff was defrauded in the settlement, he knew about the fraud at the time he instituted his original suit. And, having made a settlement in compromise of that case with knowledge of the facts, he cannot now be heard to complain. Where one alleges in a suit that he has been defrauded and then makes a settlement of that suit in consideration of which he receives money, or is released from liability, he cannot in a subsequent suit impeach the settlement for the original fraud compromised in the settlement made. *Macomber* v. *Cottrell,* 162 Mich. 91; 171 Mich. 371. A settlement such as that arrived at between the parties hereto is a treaty of peace, an

adjustment of claims, a balancing of accounts, a liquidation of disputed items, a composition of differences, contemplating a cessation of legal hostilities and, in the absence of active fraud, should stand.   There is no proof of any fraud practiced upon the plaintiff in bringing about the settlement of the former suit between the parties.   Plaintiff was represented by his attorneys.   He obtained a release from liability of $1,200.   This settlement should stand.

Decree reversed, with costs, and plaintiff's bill dismissed.

CHANDLER, J., concurred with POTTER, J.   WIEST, C. J., BUSHNELL, SHARPE, NORTH, and MCALLISTER, JJ., concurred in the result.   BUTZEL, J., took no part in this decision.