FARHAT *v.* RASSEY.

1. COMPROMISE AND SETTLEMENT—ERRONEOUS BASIC ASSUMPTION OF FACT.

Agreement between parties of suit for dissolution of a partnership and accounting of assets whereby plaintiff received $1,400 for his share was properly avoided by plaintiff where consummated in afternoon of day on which trial court had in the forenoon filed an opinion whereby plaintiff was found entitled to $3,933.33 as share of assets totalling $11,297.68, where defendants' attorney in good faith stated the case had not yet been decided, there being an erroneous assumption of fact upon which the settlement had been based.

2. SAME—RESCISSION—MISTAKE.

Parties are to be relieved of their bargain in effecting a compromise agreement of a dispute between them where they contracted in good faith on assumptions not believed to have been doubtful, but which were in fact erroneous.

3. SAME—RESCISSION—ASSUMPTION OF RISK OF MISTAKE.

A person is not entitled to rescind a transaction with another if, by way of compromise or otherwise, he agreed with the other to assume, or intended to assume, the risk of a mistake for which otherwise he would be entitled to rescission and consequent restitution.

4. SAME—RESCISSION—ASSUMPTION OF RISK OF MISTAKE—INTENT.

Compromise of differences between parties to a suit at a figure different from that arrived at by court before whom case was then pending in its opinion filed a few hours prior to consummation of compromise agreement effected in ignorance of the court's action and in the belief it would be some time before a decision would be rendered may be rescinded as the parties cannot be held to have assumed, or to have intended to assume by their compromise, that the case had been decided.

When mistake makes a contract voidable, see 2 Restatement, Contracts, § 502.

Mistake with reference to state of mind not in accord with the facts, see Restatement, Restitution, § 6.

Assumption of risk of mistake, see Restatement, Restitution, § 11 (3).

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 5, 1940. (Docket No. 27, Calendar No. 41,106.) Decided November 13, 1940.

Bill by Abraham W. Farhat against Elias Rassey, Sam Zerka, and Jacob Zerka, individually and trading under the firm name of Zerka-Rassey & Company, for dissolution of a copartnership and an accounting. Cross bill by named defendants against plaintiff for an accounting. Decree for plaintiff. Defendants appeal. Affirmed.

*Ralph M. Bahna* and *Abner Dilley*, for plaintiff.

*Blackney & Sheldon* (*Toy & Newman*, of counsel), for defendants.

BUTZEL, J. Plaintiff filed a bill for the dissolution of a partnership and for an accounting. The case was submitted on the proofs in December, 1939, and on January 18, 1940, at about 9 o'clock in the morning, the trial court filed a written opinion in which he found that plaintiff was entitled to $3,933.33 as his share of the assets of the copartnership which totalled $11,297.68. On the same morning, the attorney for defendants called plaintiff's attorney and suggested that defendants would pay $1,400 to settle the case if an agreement could be effected that day. Plaintiff's attorney went to Flint, arriving there about 4 o'clock in the afternoon, and a settlement was made, reduced to writing, signed by the parties, and a check for the agreed amount of $1,400 was delivered to plaintiff's attorney. Immediately upon receiving the opinion of the trial court, plaintiff's attorney filed a motion to repudiate the settlement and for a decree on the findings of the trial court. The trial court declined to abide by the settlement, and a decree was entered in accordance with his opinion.

It is conceded that at the time the settlement was actually made, the trial court had already filed his opinion. It appears that defendants' attorney stated that the case had not yet been decided, which statement was in fact untrue; his good faith is unchallenged. We accept as true the statement in his affidavit that he had no knowledge of the decision at the time the settlement was consummated, and we shall assume that such knowledge on the part of defendants and their counsel was likewise wanting.

The trial court was correct in holding that plaintiff may avoid the settlement. The basic assumptions upon which the settlement rested were wrong in fact. The state of mind of all the parties was not in accord with the facts (Restatement, Restitution, § 6). The parties assumed that the case had not yet been determined and believed that a decision would not be forthcoming for several weeks. There can be no question but that these fundamental facts induced the compromise, and their absolute nonexistence was the starting point of the settlement contract. Having contracted on the faith of these assumptions not believed to have been doubtful, but which were in fact erroneous, the parties are to be relieved from their bargain. 5 Williston on Contracts (Rev. Ed.), p. 4332, § 1543; Restatement, Contracts, § 502; Restatement, Restitution, § 11, comment c; *Gibson* v. *Pelkie,* 37 Mich. 380; *Sherwood* v. *Walker,* 66 Mich. 568 (11 Am. St. Rep. 531); *State Savings Bank of Ann Arbor* v. *Buhl,* 129 Mich. 193 (56 L. R. A. 944); *Richardson Lumber Co.* v. *Hoey,* 219 Mich. 643; *Kutsche* v. *Ford,* 222 Mich. 442; *Grymes* v. *Sanders,* 93 U. S. 55. The situation before us is to be distinguished from cases where there is a mistake as to a doubtful, disputed, unassumed fact leading to the compromise. "With respect to any matter not made a basic assumption of the contract the parties take their chances." (5 Williston on

Contracts (Rev. Ed.), p. 4332, § 1543.)   In Restatement, Restitution, § 11(1), it is said:

"A person is not entitled to rescind a transaction with another if, by way of compromise or otherwise, he agreed with the other to assume, or intended to assume, the risk of a mistake for which otherwise he would be entitled to rescission and consequent restitution."

See, also, *Lamb* v. *Rathburn,* 118 Mich. 666; *Kirl* v. *Zinner,* 274 Mich. 331; *Story* v. *Page,* 280 Mich. 34; *Welch* v. *Citizens Mutual Auto Ins. Co.,* 285 Mich. 82; *Mayor* v. *Sanders,* 286 Mich. 45. In the instant case, while the parties may have assumed the risk of any mistake in connection with the anticipated outcome of the proceeding on its merits and the time in the future when the decision would be rendered, they were acting under a basic mutual mistake in assuming that the case had not been decided at the time they negotiated and consummated their settlement.   All mistakenly felt certain that the case had not yet been determined, and all joined in the belief that it would be several weeks before a decision would be rendered.   They cannot be held to have assumed, or to have intended to assume by their compromise, the risk of being mistaken in these basic regards.   For such mistake, the settlement, like any other contract, may be rescinded. Restatement, Restitution, § 11, comment c; 5 Williston on Contracts (Rev. Ed.) pp. 4332, 4333, § 1543. Knowledge that the case had already been determined would have put their negotiations on a different footing, if negotiations there would have been at all.

The decree is affirmed.   Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.