SHERMAN v. PHELPS.

1. Compromise and Settlement—Subsequent Litigation.

   The law favors an amicable adjustment of matters in suit and, when so made and not impeached for fraud, the settlement bars renewal of composed litigation.

2. Same—Consideration—Setting Aside Conveyances.

   There was no want of consideration for settlement agreement between elderly plaintiff who had orally agreed to convey property to defendants in return for their coming to live with

---

Surrender of disputed claim as consideration, see 1 Restatement, Contracts, § 76.

and take care of her, where, after they had moved in, she conveyed the property to them, changed her mind and sought to set the conveyances aside, and later made the adjustment now used in bar of subsequent suit to set aside same conveyances.

3. SAME—CONSIDERATION.

The compromise and settlement of an asserted claim, though it be a doubtful one, constitutes a sufficient consideration for the settlement and for any obligations given by one party to the other in consideration of such settlement.

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 10, 1941. (Docket No. 93, Calendar No. 41,462.) Decided April 8, 1941.

Bill by Retta M. Sherman against Alton J. Phelps and S. Louese Phelps to set aside deeds. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry H. Partlow* (*Matthew R. Kaplan,* of counsel), for plaintiff.

*Cummins & Cummins,* for defendants.

WIEST, J. The bill herein was filed by plaintiff to set aside deeds she executed and delivered to defendants in January, 1936. The parties were once great friends. In 1934, plaintiff, then 78 years of age and without near relatives, was living alone in a house she owned in the city of Lansing and suggested to defendants, whom she had known for 40 years, that they come to live with and help care for her. The agreement was verbal and indefinite but defendants complied with the request. Matters were satisfactory and so agreeable to plaintiff that in January, 1936, at her own volition, she executed a will making defendants her sole devisees. She so informed defendant Alton J. Phelps and, upon his

suggestion that it would avoid expense incident to passage of title by will, she at once executed the deeds in suit, conveying to defendants all her real estate consisting of two houses and lots of the assessed value of $7,000, and a vendor's title to another parcel, upon which there was due $1,000, and received a life lease. Claiming that thereafter she was neglected, plaintiff left the home to live with others and filed a previous bill, September 18, 1939, of like import as the present bill, to set the deeds aside. September 26, 1939, the parties, aided by their respective attorneys, reached an amicable adjustment of grievances and of their mutual rights in the premises and signed and sealed a written agreement to such effect. That agreement confirmed the deeds, with a life estate in plaintiff; provided that plaintiff should be entitled to the payments on the land contract to the amount of $15 per month, and that defendants pay all taxes on the two dwelling houses during the life time of plaintiff, to the end that she might have the income from said parcels for her own benefit during her life time; and contained some minor provisions. Thereupon the attorneys for the parties filed a stipulation reciting an amicable adjustment had been reached and for dismissal of the cause. Upon filing such stipulation the court entered an order, on September 30, 1939, dismissing the bill, without costs to either party. November 30, 1939, plaintiff, by present counsel, filed the instant bill, with like allegations as the former bill and, without averring any ground for setting the mentioned adjustment aside, asked for the same relief as in the former bill. Proofs were taken in open court and the bill was dismissed. Plaintiff prosecutes review by appeal.

The record has been examined and no reason found for disturbing the decree.

The testimony of plaintiff at the hearing, when she was 84 years old, disclosed an alert mentality and a sharp tongue.

The deeds were the voluntary acts of plaintiff. She was mentally competent. It is an instance, on the part of plaintiff, of change of mind and of attorneys.

The law favors an amicable adjustment of matters in suit and, when so made and not impeached for fraud, bars renewal of composed litigation.

The claim of want of consideration for the mutual agreement is without merit.

We said in *Mayor* v. *Sanders,* 286 Mich. 45, 50:

"It is a principle well established that the compromise and settlement of an asserted claim involved in legal controversy, be it never so doubtful, constitutes a sufficient consideration for the settlement, and for any obligations given by one party to the other in consideration of such settlement."

See, also, *Weed* v. *Terry,* 2 Doug. (Mich.) 344 (45 Am. Dec. 257); *Van Dyke* v. *Davis,* 2 Mich. 144; *Gates* v. *Shutts,* 7 Mich. 127; *Bull* v. *Hepworth,* 159 Mich. 662; *Hewett Grocery Co.* v. *Biddle Purchasing Co.,* 289 Mich. 225.

The decree is affirmed, with costs to defendants.

SHARPE, C. J. and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.