HARTMAN *v.* FRONTIER CITY, INC.

1. ATTORNEY AND CLIENT—COMPROMISE—AUTHORITY.
   An attorney has no power by virtue of his general retainer to compromise his client's cause of action, but precedent special authority or subsequent ratification is necessary to make a compromise binding on the client.

2. ATTORNEY AND CLIENT—COMPROMISE—ACTION.
   An instruction to "do what you think is best" is not sufficient special authority to empower an attorney to compromise his client's cause of action.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 October 9, 1969, at Lansing. (Docket No. 5,880.) Decided November 26, 1969.

Complaint by Regina Hartman against Frontier City, Inc., a Michigan corporation, and James Bolton for personal injuries. Defendant Frontier City's motion for judgment against it in the amount of $1,200 granted. Plaintiff appeals. Reversed and remanded.

*Ripple, Chambers & DeWitt,* for plaintiff.

*Rosenburg, Painter, Stanton & Bullen,* for Frontier City, Inc.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Attorneys at Law § 126.

PER CURIAM.  The plaintiff brought suit to recover for personal injuries allegedly received as the result of an accident on a miniature train ride run by defendant, James Bolton, at the amusement park of the other defendant, Frontier City, Inc.  The suit was commenced in Lenawee County Circuit Court on April 4, 1967.  The remainder of 1967 was taken up with an amended complaint, answers, and depositions.  A pretrial conference was had and a jury trial was set for February 6, 1968.

On February 5, 1968, plaintiff's attorney of record asked for a further continuance of the case.  The trial judge denied the motion and noted that negotiations towards a settlement were continuing between the attorneys.

The negotiations on the 5th concluded with acceptance by plaintiff's attorney of a settlement of $1,200.  Despite this settlement and consequent cancellation of the jury trial by the trial judge, the plaintiff appeared at the courthouse on the 6th. She was contacted by her attorney and informed him, after some discussion with a male companion (whom it appears from the record would have testified for plaintiff had there been a trial), she could not accept the settlement as negotiated.

When the plaintiff refused to accept the settlement, her attorney made a motion to withdraw as her counsel.  This motion was granted but with condition that no further discovery would be permitted. The judge further ordered the case to be placed on the no progress docket.

Plaintiff's new counsel made a motion to remove the cause from the no progress docket, asserting that the plaintiff was not bound by the settlement, and that the case should proceed to trial.  The defendants countered with a motion that a judgment in the

amount of $1,200 be entered on the ground that an accord and satisfaction had been reached.

The trial judge after a hearing on the motions granted the defendant's motion and entered judgment.

The plaintiff appeals alleging that she never authorized her attorney to settle the case for $1,200 but had set a minimum of $1,500. The attorney who negotiated the settlement swore by affidavit that at the time he discussed the amount of the settlement with his client, she said "to do what you think is best." Thus, he considered that he was authorized to settle the plaintiff's claim. He agreed to the $1,200 and caused the judge to be notified. The attorney's asserted authorization is confirmed by the affidavit of the trial judge's own secretary. She asserts that she overheard plaintiff discussing the settlement with a man and that the plaintiff said something to the effect that she had told her attorney that she did not care and to do whatever he thought was proper.

The plaintiff on appeal claims that "actions speak louder than words" and that she would not have gone to the courthouse on the 6th if she had really authorized a settlement. Although we do not consider such conduct by the plaintiff to be entirely unambiguous, we do agree that it tends to negate the claimed authorization, and consider that any doubt should be resolved in favor of granting plaintiff her day in court. The weight to be given to the conflicting stories here depended to a large degree on the credibility of the witnesses which is within the provision of the trial court. We will not set aside his findings unless they are "clearly erroneous." GCR 1963, 517.1. We do not find the trial judge's determination to be such.

However, the plaintiff on appeal asserts that even if she did tell her attorney that he could "do what (ever) you think is best," such an instruction is not sufficient to empower an attorney to compromise his client's cause of action. We agree. In *Henderson v. Great Atlantic & Pacific Tea Company* (1965), 374 Mich 142, 147, the Court said:

" 'The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that *precedent special authority* or *subsequent ratification* is necessary to make such a compromise valid and binding on the client.' " (Emphasis added.)

Certainly there is no "subsequent ratification" here, so we confine our inquiry to whether there was the necessary "precedent special authority" which would have allowed the attorney to compromise his client's claim.

We find this requirement of "precedent special authority" was not met here. Certainly the granting of such a special authority requires more than the general statement that we are presented with here. Our review of the record convinces us that at least plaintiff did not have a "full understanding of the provisions in the [proposed] settlement." See *In re Peck's Estate* (1948), 323 Mich 11, 22. Therefore, we find that the trial court erred in its determination that plaintiff's former attorney was authorized to settle the claim for $1,200.

We do not by this opinion impugn in any way the often-stated policy of favoring the settlement of disputed claims. See *Empire Industries, Inc.* v. *Northern Assurance Company, Ltd.* (1955), 342 Mich 425, 429; *Musial* v. *Yatzik* (1951), 329 Mich 379;

*Galperin* v. *Department of Revenue* (1950), 327 Mich 556; *In re Peck's Estate, supra; Sherman* v. *Phelps* (1941), 297 Mich 153.

We only find that the "precedent special authority" mentioned in *Henderson, supra,* must be granted in some more specific way than by the expression found to be used here, especially where, as here, it appears the plaintiff did not fully understand the provisions of the settlement and the consequences of the settlement.

Reversed and remanded for trial. Costs to appellant.