CITY OF NORTON SHORES v CARR

1. JUDGMENT—ORAL JUDGMENT—EFFECTIVENESS—ENTRY OF JUDG-
MENT—COURT CLERK—JUDICIAL ACT.

A judgment made orally by a trial court is complete when it is
pronounced and does not depend upon entry by the clerk where
the judgment is a judicial act.

2. JUDGMENT—CONSENT JUDGMENT—APPROVAL OF SUBSTANCE—AP-
PROVAL OF FORM—ENTRY OF JUDGMENT—WITHDRAWAL OF CON-
SENT—NOTICE.

Approval of a consent judgment must consist of approval both as
to the form and substance; therefore, entry of a consent judg-
ment was error where the defendants had withdrawn their
consent before the proposed judgment was submitted to the
court, the plaintiffs and court had full notice that defendants'
consent had been withdrawn, and the most which could be
concluded is that defendants had once approved the substance
of the proposed judgment.

3. JUDGMENT—ESTOPPEL—CONSENT JUDGMENT—ACCEPTANCE OF BENE-
FITS—APPEAL AND ERROR.

Approval of a judgment and acceptance of benefits thereunder
estops a party from appeal; however, the defendant, in a suit
based on nuisance and ordinance violations arising out of the
operation of their business, were not estopped from appealing
the entry of a consent judgment where they had not approved
the judgment and had done no more than continue to operate
their business as they had prior to the suit.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 55.
Formal requirements of judgment or order as regards appealability.
73 ALR2d 250.
[2] 47 Am Jur 2d, Judgments § 1083.
[3] 47 Am Jur 2d, Judgments §§ 1091, 1092.
Res judicata as affected by fact that former judgment was entered
by agreement or consent—Federal cases. 97 L Ed 1188.
Res judicata as affected by fact that former judgment was entered
by agreement or consent. 2 ALR2d 514.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 February 4, 1975, at Grand Rapids. (Docket No. 20158.) Decided March 12, 1975.

Complaint by the City of Norton Shores, Everett Miller, Ursula Miller, Paul Schuelke, Mary Schuelke, William Hagelgans, Herbert Hofmann and Mrs. James Maleski against Cornelius Carr and Rose Carr to prevent defendants from operating their business in violation of city ordinances and as a nuisance. Consent judgment entered. Defendants appeal. Reversed and remanded.

*Parmenter, Forsythe & Rude* (by *Steven G. Schember),* for plaintiffs.

*Alexis J. Rogoski* and *Thomas H. Andrews, Jr.,* for defendants.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

M. F. CAVANAGH, J. Defendants-appellants own a parcel of land located in Norton Shores, on which they engage in various businesses, including a junkyard and a landscaping operation. On July 24, 1972, plaintiffs filed a complaint charging the defendants with violation of a city junkyard ordinance, a zoning ordinance, and an abandoned-vehicle ordinance, and with maintaining a public and private nuisance. Defendants, in turn, contend that the ordinances are unconstitutional as applied to them since their business operations constitute a nonconforming use in existence at the time the property was zoned.

At the date set for trial, December 20, 1973, the parties apparently negotiated in chambers an

agreed settlement of the case. They then appeared in open court and, after a good deal of discussion, addition and deletion, placed the substance of an agreement on the record. The trial judge issued no opinion or judgment and simply adjourned the case at the conclusion of argument.

Subsequently, in a letter dated January 31, 1974, defendant's attorney informed the trial judge that as of January 30, 1974, defendants had revoked his authority to settle the case according to the terms previously discussed. The letter also requested the trial court to set the case for jury trial.

Plaintiffs moved for entry of the judgment on February 26, 1974, pursuant to the negotiated agreement. At the hearing on this motion, defendants appeared without counsel, protested the entry of judgment, requested a postponement, and stated that they had never agreed to the substance of plaintiff's proposed written judgment. They stated they had not as yet obtained a copy of the original transcript and would like the opportunity of obtaining one so that they could demonstrate to the court that they had not agreed to what was contained in the proffered order. Nevertheless, the trial court entered the judgment. Defendants' motion to vacate the judgment and grant a rehearing was denied on April 1, 1974.

This appeal involves only the propriety of the trial court's entry of judgment purportedly in the substance of the negotiated settlement of December 20, 1973. Because of the disposition of this appeal, additional issues raised by the parties are better reserved for trial.

Plaintiffs argue that the judgment was final on December 20, 1973, when stipulations were made concerning the negotiated settlement. It is true

that, as a general rule, a judgment made orally by the trial court is complete when it is pronounced and does not depend upon entry by the clerk. *Lewis v Wayne County Sheriff,* 335 Mich 640; 56 NW2d 211 (1953). The cases, however, refer to *judicial acts.* A consent judgment is primarily the act of the parties and not the court. *Hibbard v Hibbard,* 27 Mich App 112; 183 NW2d 358 (1970). *Ortiz v Travelers Insurance Co,* 2 Mich App 548; 140 NW2d 791 (1966).

Obviously, the parties must consent for the judgment to be effective. *Hibbard v Hibbard, supra.* This consent must consist of approval both as to form and substance of the decree. *Union v Ewing,* 372 Mich 181, 186; 125 NW2d 311 (1963). In the present case, the most which could be concluded is that the defendants approved the substance of the decree, and a reading of the transcript raises some question as to the true mutuality of the original "agreement". As to the form of the judgment, the proposed order was submitted after defendants had withdrawn their consent.

Our conclusion is that the defendants properly withdrew their consent prior to the entry of judgment and that the plaintiffs and the trial court had full notice of this fact. Although this appears to be a case of original impression in this state, foreign jurisdictions have chosen the same path. See *Lee v Rhodes,* 227 NC 240; 41 SE2d 747 (1947), and *Jacobs v Steinbrink,* 242 App Div 197; 273 NYS 498 (1934). See also 49 CJS, Judgments, § 175.

Plaintiffs' argument that defendants are estopped from revoking their consent because they enjoyed the benefits of the settlement during the month of January must also be rejected. Approval of a decree and acceptance of benefits thereunder

does estop a party from appeal. *Westgate v Adams,* 293 Mich 559; 292 NW 491 (1940). Both elements here, however, are missing. No decree was ever approved by defendants and defendants apparently did no more than continue their business as they operated it prior to the institution of suit.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs.