MICHIGAN NATIONAL BANK OF DETROIT v PATMON

Docket No. 58667. Submitted June 24, 1982, at Detroit.—Decided September 23, 1982.

Michigan National Bank of Detroit brought an action against Frederick Patmon for non-payment of two promissory notes. On the day set for trial the attorneys for both parties appeared and orally placed a consent judgment on the record, including all the terms of the settlement which had been reached. Subsequently, when the attorneys appeared on plaintiff's motion to settle and enter the consent judgment defendant's attorney indicated that defendant had revoked his authority to settle the case. The Wayne Circuit Court, Henry J. Szymanski, J., ruled that the revocation of defense counsel's authority precluded entry of the consent judgment and held that the matter should therefore proceed to trial. After denial of plaintiff's motion for reconsideration, plaintiff appeals by leave granted. *Held:*

1. Specific authority must be given by a client to enable his attorney to compromise his claim. In this case there is no evidence to indicate that defense counsel had been given such authority and defense counsel's own comments regarding his authority were equivocal. Because the existence of such authority may be dispositive of the matter, the case is remanded for a further evidentiary hearing.

2. A consent, properly entered, is entitled to final and binding effect. Thus, if it is found that defense counsel had the requisite authority to compromise the defendant's interests judgment shall be entered according to the terms of the settlement. If no such authority is found the matter shall be scheduled for trial.

Remanded.

1. ATTORNEY AND CLIENT — COMPROMISE OF CLAIM.

An attorney has no power, by virtue of his general retainer, to

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 7 Am Jur 2d, Attorneys at Law §§ 155, 156.

Authority of attorney to compromise action. 30 ALR2d 944.

[2] 7 Am Jur 2d, Attorneys at Law § 155.

[3] 47 Am Jur 2d, Judgments § 1080 *et seq.*

[4] 15A Am Jur 2d, Compromise and Settlement § 27 *et seq.*

compromise his client's cause of action; special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client.

2. ATTORNEY AND CLIENT — COMPROMISE OF CLAIM.

The burden of proving that an attorney has been given the authority to compromise his client's claim is upon the party who is claiming that such authority exists.

3. JUDGMENTS — CONSENT JUDGMENTS.

An order of judgment resulting from a consent to a judgment which has been placed orally upon the record must fully comport with the settlement terms; likewise, a consent judgment should not be entered unless a true settlement has been reached.

4. JUDGMENTS — COMPROMISE OF CLAIM — APPEAL.

Compromises of pending controversies have long been favored by the courts and will not be disturbed absent satisfactory evidence of mistake, fraud or unconscionable advantage.

5. JUDGMENTS — CONSENT JUDGMENTS — ATTORNEY AND CLIENT — COMPROMISE OF CLAIM.

A consent that is properly entered into is entitled to final and binding effect; therefore, where an attorney has been given the requisite authority to settle a matter and has accordingly reached a settlement and entered a consent on the record his client has no right to subsequently revoke the authority and thereby avoid the terms of the settlement.

*Kramer, Mellen, Wagner & Ishbia, P.C.* (by *Jeffrey A. Ishbia* and *Ben T. Liu),* for plaintiff.

*Stanley R. Kirk,* for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. In November of 1977, plaintiff commenced the present action against defendant for non-payment of two promissory notes. On April 27, 1981, the day scheduled for trial, the parties appeared in court through their attorneys and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

placed a consent judgment on the record. As stated to the trial court, the consent judgment provided that plaintiff's claim for $16,000, plus interest, would be dropped and a judgment entered against defendant for $7,500 at the statutory 12% interest rate. Defendant was to make an initial $1,000 payment on May 15, 1981. The remainder of the judgment was to be amortized at a set amount over 30 months, with the first monthly payment to be made on June 1, 1981. Defendant was to be permitted a 10-day grace period for payment, although plaintiff was not required to give notice of any delinquency. The consent provided that defendant could prepay without penalty and that defendant was entitled to entry of a satisfaction of judgment upon completion of the required payments. The judgment was to articulate defendant's home address and social security number. Finally, defendant's separate cause of action against plaintiff was to be dismissed.

On May 22, 1981, the parties again appeared before the trial court on plaintiff's motion to settle and enter the consent judgment. Counsel for defendant indicated that defendant had withdrawn or revoked the authority that he "might have had" to settle the matter. The court ruled that defendant's revocation of his attorney's authority precluded entry of the consent judgment. On June 12, 1981, the court denied plaintiff's motion for reconsideration of its prior ruling. The court believed that the matter was one of discretion and concluded that justice would best be served by permitting defendant to proceed to trial. In opposing the motion, defendant argued that the consent entered on the record never had binding effect since it had not been reduced to a signed judgment, and that, in any event, defense counsel had exceeded his au-

thority in entering into the consent agreement. Plaintiff appeals by leave granted.

Proper disposition of this matter requires us to consider two issues: (1) whether defense counsel had sufficient authority to enter into the consent agreement; and (2) assuming defense counsel had sufficient authority, whether defendant could withdraw that authority after a consent had been placed on the record.

In *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142; 132 NW2d 75 (1965), the Supreme Court held to the principle that an attorney may not compromise a client's cause of action absent special authority to do so.

"The principle which governs this case is set forth in 66 ALR 107 *et seq.,* as supplemented in 30 ALR2d 944 *et seq.,* as follows:

" 'The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client.' (Citing numerous cases.)

"The above rule has been adhered to in Michigan in *Eaton v Knowles,* 61 Mich 625; 28 NW 740 (1886); *Fetz v Leyendecker,* 157 Mich 355; 122 NW 100 (1909); *Peoples State Bank v Bloch,* 249 Mich 99; 227 NW 778 (1929); and most recently in *Wells v United Savings Bank of Tecumseh,* 286 Mich 619; 282 NW 844 (1938)." *Id.,* 147. (Footnote omitted.)

See also *Presnell v Wayne Bd of County Road Comm'rs,* 105 Mich App 362; 306 NW2d 516 (1981).

Thus, although an attorney placed in charge of a lawsuit is presumed to have authority to act on his client's behalf, specific authority is needed to actu-

ally compromise a claim. *Presnell v Wayne Bd of County Road Comm'rs, supra.* In this regard, it has been held that a client's general instruction to an attorney "to do what you think is best" is insufficient to confer upon the attorney power to compromise a cause of action. *Hartman v Frontier City, Inc,* 20 Mich App 274, 276-277; 174 NW2d 48 (1969).

In the instant case, the trial court apparently assumed that defense counsel had the initial requisite authority to settle the lawsuit, despite the fact that defendant bolstered his arguments below with the claim that specific precedent authority was lacking. However, the record below contains no evidence to indicate that such authority existed. Defense counsel's own comments in this regard were equivocal. At the May 22 hearing, he stated that defendant objected to inserting his home address and social security number in the judgment and to personally signing the pleadings. Counsel advised that defendant "has revoked the authority *that I might have had* in the matter". (Emphasis added.) The main thrust of defense counsel's argument, below and on appeal, is that defendant had the right to revoke any authority to settle prior to the actual signing of a consent judgment order.[1] Defendant did not personally appear at any of the hearings to offer testimony as to the authority granted counsel, nor did the trial court conduct any inquiry into that aspect of the consent judgment.

Because the question of counsel's precedent authority to settle could be dispositive of this matter,

---

[1] Counsel's equivocation is understandable. The unauthorized settlement of a client's cause (barring subsequent client ratification) may constitute a breach of an attorney's ethical duties so as to subject the attorney to disciplinary action. *State Bar Grievance Administrator v Estes,* 390 Mich 585, 598-600; 212 NW2d 903 (1973).

we must remand for further evidentiary exploration into this issue. We remand specifically for the trial court to determine whether defense counsel had been given precedent special authority to compromise defendant's interests in this cause of action. The burden of proving such authority, of course, is upon plaintiff, the party claiming that authority existed. *Peoples State Bank for Savings v Bloch,* 249 Mich 99, 104; 227 NW 778 (1929). Obviously, pertinent to the trial court's determination will be the testimony of defense counsel, defendant and defendant's law partner, who was apparently present during the settlement negotiations.

The second issue for our consideration is one that will be relevant on remand should the trial court determine that defense counsel was given precedent authority to compromise defendant's interests—to wit, whether defendant had the right to withdraw that authority prior to the actual entry of an order of consent judgment. The trial court concluded that the right to revoke existed pursuant to *City of Norton Shores v Carr,* 59 Mich App 561; 229 NW2d 848 (1975).

We believe the trial court's reliance upon *City of Norton Shores v Carr, supra,* was misplaced. The *Norton Shores* case stands for the proposition that a party to a consent judgment may withdraw that consent at any time prior to actual entry of the judgment. The *Norton Shores* panel reasoned that actual consent must consist of approval of both the form and substance of the judgment. *Id.,* 564. Moreover, in reviewing the trial court record, the panel had doubts concerning the "true mutuality" of the consent agreement. *Id.* We agree that when a consent is orally placed upon the record, any resulting judgment must fully comport with the

settlement terms. Likewise, a consent judgment should not be entered unless a "true" settlement has been reached. However, to the extent the *Norton Shores* case appears to establish a general right to revoke a consent judgment between the time it is orally placed on the record and when a judgment is actually signed, we believe the opinion to be in error.

Pursuant to GCR 1963, 507.9 an agreement or consent between parties is binding if made in open court. Compromises of pending controversies have long been favored by the courts and will not be disturbed absent satisfactory evidence of mistake, fraud or unconscionable advantage. *Collins v Searight-Downs Mfg Co,* 245 Mich 41, 44; 222 NW 84 (1928); *Meyer v Rosenbaum,* 71 Mich App 388, 391; 248 NW2d 558 (1976); *Pedder v Kalish,* 26 Mich App 655; 182 NW2d 739 (1970). The rationale for forbidding litigants from disregarding settlement agreements knowingly entered was best stated in *Meyer v Rosenbaum, supra,* p 393.

"As a matter of public policy, it is extremely difficult to find any rationale for permitting a litigant to eschew a bargain knowingly made in open court, on the record of the court, and with the intent that the court and opposite party should rely thereon. The results of the *Norton Shores* doctrine would make the life of a trial judge extremely difficult. A great many, if not most, settlements are arrived at on the day of joust, when the jury is in attendance and the judge is waiting with instructions hopefully prepared. The attorneys then must be able to rely upon the knowledge that any stipulated agreement that they make will be final and binding on both parties. Otherwise, it will be extremely difficult to arrive at settlement, since the prepared litigant may not be willing to lose his day in court and be placed at the bottom of a ladder which may take him two years to climb.

"It is important that parties be able to settle cases

fairly and finally on the record, and such settlements should not be upset because of any subjective hesitation or secret reservation on the part of either party."

Consequently, we conclude that, assuming defense counsel had the requisite authority to initially settle this matter, an issue that will be put to rest on remand, defendant had no right to subsequently revoke that authority and thereby avoid the terms of the settlement. A consent that is properly entered into is entitled to final and binding effect. Obviously, any discrepancy between the settlement terms placed upon the record and those contained in the written order of judgment may be resolved by amending the judgment order.

Remanded for a determination of whether defense counsel was given precedent special authority to compromise defendant's interests in this case. If the trial court determines that such authority was obtained, judgment shall be entered according to the settlement terms placed upon the record on April 27, 1981. If the trial court determines that defense counsel acted without the requisite authority, the matter shall be docketed for prompt trial. We retain no jurisdiction.