PRESTON v. MARQUETTE COUNTY SAVINGS BANK.

BANKS AND BANKING—RIGHT TO BUY AND SELL STOCK—LIABILITY FOR ACTS OF CASHIER.

Buying and selling stock being outside the legitimate business of a bank, it cannot be held liable in trover for the conversion by its cashier of shares of stock bought for plaintiff upon a check drawn to the cashier individually, without its knowledge or authority.

Error to Marquette; Stone, J.   Submitted January 10, 1900.   Decided February 20, 1900.

Trover by George C. Preston against the Marquette County Savings Bank.   From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Button & Culver*, for appellant.

*Charles R. Brown & Son*, for appellee.

GRANT, J.   Action of trover for the conversion of 800 shares of stock of the Santa Fé Copper Company.   One Barnes was the cashier of the defendant.   In 1892 plaintiff applied to Barnes to purchase the stock.   The purchase was made from Stackpole & Ely, of Boston, Mass. The stock was retained by Stackpole & Ely until June 26, 1894, when they sent the same by letter to Mr. Barnes

stating as the reason for sending it that it was of no value. This letter was addressed to Mr. Barnes individually, and the account kept by Stackpole & Ely was also with him individually. Plaintiff gave his check for the price to Mr. Barnes individually, and not as cashier. The transaction did not appear upon the books of the bank. The bank was not engaged in buying and selling stock for itself or for others. Mr. Barnes testified that, upon receipt of the stock, he kept it in his own private drawer of a desk in the bank, until he sold it, in January, 1899.

Buying and selling stocks is not a part of the legitimate business of a bank. 2 Comp. Laws 1897, § 6093, subd. 7. Under what circumstances a bank would be estopped to deny its authority to engage in such business we need not determine. There is no testimony in this case to show that the bank had been engaged in such business, or knew anything about this transaction, or that it had authorized its cashier, Mr. Barnes, to engage therein. The entire transaction was with Mr. Barnes individually, and not with the bank. For this reason the learned circuit judge properly directed a verdict for the defendant.

Judgment affirmed.

The other Justices concurred.