## FETZ *v.* LEYENDECKER.

1. COMPROMISE—JUDGMENTS—ATTORNEY AND CLIENT.
    An acceptance by the attorney of record of $12 in satisfaction of two judgments for $126.97 is not a discharge when the attorney had no authority to effect such compromise.

2. SAME—QUESTIONS OF FACT—TRIAL WITHOUT JURY.
    The questions of authority to compromise and the sufficiency of consideration were questions of fact for the trial court.

3. SAME—EVIDENCE OF DISCHARGE.
    It was not error, on the part of the trial court, to refuse a finding that the judgments were discharged, where it appeared that they were three years old at the time of the alleged settlement, and, although default judgments, no steps had been taken to set them aside, and the authority of the attorney to compromise was disputed.

Error to Kent; Perkins, J. Submitted April 28, 1909. (Docket No. 99.) Decided July 6, 1909.

Assumpsit by John P. Fetz against Peter Leyendecker for the amount of certain judgments. A judgment for plaintiff is reviewed by defendant upon writ of error. Affirmed.

*Charles A. Watt,* for appellant.

*Frank W. Hine,* for appellee.

HOOKER, J. This cause was appealed by the defendant. The findings filed by the trial judge are, in substance, that: (1) Plaintiff recovered a circuit court judgment for $52 damages, costs $37.07, against the defendant on February 17, 1894; (2) on the same date Brenner recovered a circuit court judgment against defendant for costs taxed at $37.92; (3) on June 9, 1903, Brenner assigned his judgment to plaintiff; (4) on August 6, 1897, one Averill, claiming to represent Henry J. Felker, the at-

torney of record for the prevailing party in both of said cases, accepted from the defendant $12 in full settlement of both judgments, giving his receipt therefor; (5) later said Felker stated to defendant that all matters between them were settled. He afterwards denied to the plaintiff that he had received payment on said judgments, and that they, or either of them, were settled. It was held, as conclusions of law, that the $12 received by Averill was part payment on the judgments, and that there was no consideration for the agreement of settlement, and that plaintiff was entitled to judgment for the balance thereof, with interest, and gave judgment accordingly.

Exceptions were taken to the refusal to find (1) that the judgments were taken by default when defendant was absent from the State; (2) that he made preparations to reopen the cases and set aside the default, and that Felker was duly authorized to and did settle the judgments to avoid litigation. Exception was also taken to the finding that Felker denied to plaintiff that he had received payment upon or had settled the judgments; also to his refusal to find as a conclusion of law that:

"I find that both judgments mentioned in plaintiff's declaration were default judgments, and that steps were being taken to set aside said defaults, and that, to avoid litigation, the parties settled the same, and that same are in law discharged, and that a judgment of no cause of action should be entered in said cause, with costs to the defendant to be taxed."

There was a dispute in the testimony as to the authority of Felker to settle these judgments, and the learned circuit judge refused to find that he had such authority. He also found that there was no valid consideration for the acceptance of $12 in settlement thereof. Both were questions of fact. Defendant could not prevail unless he established the fact that Felker was authorized to settle the case. The court refused to so find, and defendant could not prevail, although it were found that the agreement with Averill was upon a valid consideration. But

the court said it was not.   The only consideration claimed
is that defendant told Averill that he would rather reopen
the case than pay more than $10.   In view of the fact
that the judgments were then three years old, or there-
abouts, the judge might well hesitate to find that such
suggestion was any inducement to the settlement, or so
considered.   He found the contrary, and we think it
was not error.   Even if it were, the failure of the court
to find authority was fatal to the defense.   There is no
occasion to discuss other questions.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, MOORE, and BROOKE, JJ.,
concurred.