WELLS *v.* UNITED SAVINGS BANK OF TECUMSEH.

1. BANKS AND BANKING—BUYING AND SELLING STOCKS.
   Buying and selling stocks is not a part of the legitimate business of a bank.

2. SAME—CASHIER'S POWERS.
   The cashier is generally regarded as the chief executive officer of a bank and his position carries with it greater inherent powers than any other office in the bank.

3. SAME—CASHIER'S POWERS.
   The cashier of a bank does not, merely because of his office, have power to do any act outside the scope of his ordinary duties as cashier.

4. SAME—CASHIER—APPARENT AUTHORITY—RATIFICATION.
   A bank is not bound by its cashier's acts which are not within his apparent authority and which it has neither authorized nor ratified.

5. SAME—CASHIER'S IMPLIED AUTHORITY—ULTRA VIRES ACTS.
   A bank cashier's implied authority cannot be invoked to sustain a transaction prohibited by statute or beyond the powers of the bank.

6. SAME—ATTORNEYS—IMPLIED AUTHORITY—COMPROMISE.
   An attorney employed by a bank to collect the amount due on a note and mortgage has no implied authority to compromise the obligation of the debtor or accept an amount less than is due thereon.

7. SAME—CASHIER—ATTORNEY—AUTHORITY—COMPROMISE OF DEBTS.
   In action by debtor of bank to recover proceeds of stock alleged to have been given defendant bank to apply upon plaintiff's indebtedness to a Federal land bank, judgment for defendant notwithstanding verdict for plaintiff *held,* correct where plaintiff failed to show express authority upon part of defendant

bank's cashier or attorney to compromise a previously existing debt and accept from plaintiff a sum less than he had owed the bank; neither the cashier nor attorney having implied or apparent authority to effect such a compromise.

Appeal from Lenawee; Rathbun (George A.), J. Submitted October 4, 1938. (Docket No. 19, Calendar No. 40,154.) Decided December 21, 1938.

Assumpsit by Stanley B. Wells against United Savings Bank of Tecumseh for sums due. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Charles L. Robertson* (*James H. Cornelius,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant to recover $1,275 and $225 interest thereon, a total of $1,500. There was verdict for plaintiff and judgment for defendant notwithstanding. Plaintiff appeals.

Plaintiff alleges that from the estate of his father he became the owner of $1,550 in stock in the American Building & Loan Association, of Jackson; that March 19, 1934, he assigned this stock to defendant to apply on plaintiff's indebtedness to the Federal Land Bank, of St. Paul, $1,000 at par, and $550 at 50 cents on a dollar; that defendant refused to pay or credit $1,275 on the Federal Land Bank mortgage against plaintiff or to pay plaintiff the same, to his damage. Plaintiff's declaration also relies upon all of the common counts in assumpsit. Defendant appeared and denied all the material allegations of plaintiff and claimed to have become the owner of the stock in question in pursuance of a written as-

signment set forth in its answer by which it apparently took title to said stock absolutely; that July 14, 1933, plaintiff owed defendant $4,000 as principal on a mortgage given by plaintiff, and interest thereon from January 6, 1931, at six per cent.; that a loan was granted plaintiff by said Federal Land Bank in the sum of $2,500, and by the Land Bank Commissioner in the sum of $1,000; that there was delivered to defendant Federal Land Bank bonds of the value of $2,613.38 and checks for $162.27, out of which defendant was instructed by plaintiff to pay, and did pay, claims against plaintiff in the sum of $398.28; that defendant credited on the mortgage note $1,550, the par value of said building and loan stock and the proceeds of the funds received from the Federal Land Bank, of St. Paul, less the amounts paid out for the benefit of plaintiff, making a total credit of $3,927.37, leaving a balance due on the principal of the mortgage of $72.62; that thereafter defendant sold the American Building & Loan stock in the open market for $922.25, resulting in a loss of $627.75, and that plaintiff was indebted to defendant at the time of the settlement by defendant with the representative of the Federal Land Bank Commissioner in the additional sum of $220 for borrowed money and $6.67 insurance premiums advanced by defendant for plaintiff.

After the rendition of the verdict in this case, a motion *non obstante veredicto* was made based upon the reasons, among others, that there was no proof of any agency of the alleged agent, Glenn L. Williams, to make any representation, agreement or contract whatever with plaintiff and on behalf of the defendant; that there was no proof of any representations on the part of any officer of the defendant to take the building and loan association stock from

plaintiff and pay the Federal Land Bank the sum of $1,275 to apply upon plaintiff's indebtedness; that the cashier of defendant bank had no authority to make such an agreement even though it was made; and there was no legal proof that any valid contract was entered into as claimed by plaintiff. Upon this motion, judgment was entered for defendant.

"Buying and selling stocks is not a part of the legitimate business of a bank." *Preston* v. *Marquette County Savings Bank*, 122 Mich. 696.

In this case, whatever contract was made with defendant is claimed to have been made by defendant's cashier and by its attorney. The cashier is generally regarded as the chief executive officer of a bank and his position carries with it greater inherent powers than any other office in the bank. 9 C. J. S. p. 451. But he has no power, merely because of his office, to do any act outside the scope of his ordinary duties as cashier, and a bank is not bound by acts which are not within the apparent authority of the cashier and which it has neither authorized nor ratified. His implied authority cannot be invoked to sustain a transaction prohibited by statute or beyond the powers of the bank. 9 C. J. S. pp. 453, 454; 7 Am. Jur. pp. 189, 190. And an attorney employed by a bank to collect the amount due on a note and mortgage has no implied authority to compromise the obligation of the debtor or accept an amount less than is due thereon. *Peoples State Bank for Savings* v. *Bloch*, 249 Mich. 99. No express authority is shown. The trial court arrived at a correct conclusion.

Judgment affirmed, with costs.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.