### KLEIMAN v. WAYNE BOARD OF COUNTY ROAD COMMISSIONERS.

1. VENDOR AND PURCHASER—ACCEPTANCE OF OFFER—SPECIFIC PERFORMANCE.

   Acceptance by defendant board of county road commissioners of plaintiff's offers to purchase 2 parcels of surplus real property *held,* not effected by adoption of motions which amounted only to approvals of the offers for posting so that further and higher bids might be made and received within a stated time, a usual procedure with which plaintiff was familiar, hence, plaintiff failed to establish land contracts subject to specific performance.

2. OFFICERS—UNAUTHORIZED ACT OF EMPLOYEE.

   The unauthorized action of an employee of defendant board of county road commissioners in accepting down payment for surplus property and giving receipt therefor and stating the property was plaintiff's was not binding on defendant.

REFERENCES FOR POINTS IN HEADNOTES
[2] 2 Am Jur, Agency §§ 350, 353.

Appeal from Wayne; Webster (Arthur), J.   Submitted January 7, 1953.   (Docket Nos. 39, 40, Calendar Nos. 45,671, 45,670.)   Decided June 8, 1953.

Separate bills by Benjamin Kleiman against Board of County Road Commissioners for Wayne County for specific performance of alleged contract to sell real estate.   Cases tried together.   Decrees for the defendant.   Plaintiff appeals.   Affirmed.

*David M. Miro* (*Nathan S. Peterman*, of counsel), for plaintiff.

*John C. Jacoby* and *James M. Davey*, for defendant.

DETHMERS, C. J.   The above suits, between the same parties, for specific performance of alleged contracts for the sale of 2 different pieces of land, involve similar facts and identical questions.   Plaintiff learned that defendant commission had the 2 surplus properties for sale.   He made written offers to purchase, at specified prices and terms, accompanied by deposits of earnest money.   In the one case the action of defendant commission was as follows:

"Following discussion, Commissioner O'Hara moved tentative approval of this offer for posting." Supported and carried.

In the other case:

"Following discussion, Commissioner O'Hara moved approval of the offer for posting, reserving the right to reject any and all bids."   Carried.

Thereafter, the course regularly pursued by defendant commission in such instances, with which plaintiff was then fully familiar, was followed in both cases; namely, there was a posting of plaintiff's

·offer, as provided in the motions adopted by defendant; that is to say, a so-called notice of sale was published and circulated announcing the fact and amount of such offer on the property in question, that the offer had been approved by the commission and was being held under the regulations governing the sale of surplus property, that subsequent increased offers of not less than 10% more would be accepted, if received on or before a certain deadline date, and that defendant reserved the right to reject any and all bids.

In the 1 case, no other bids were received on or before the deadline, whereupon the plaintiff, after being told by 1 of defendant's employees that the property was his, handed to such employee a cashier's check, representing the balance of the down payment under the terms of the offer, and received from the latter a receipt therefor. Plaintiff also executed a land contract which was prepared for that purpose by defendant's employees but never executed by defendant. Defendant later received a higher offer, refused to execute the land contract with plaintiff and attempted to return his deposit.

In the other case, offers were made by other persons before the deadline and this occurred as relates to several successive postings, but plaintiff made the final and highest offer entered prior to the deadline specified in the last posting. Defendant rejected plaintiff's offer.

From decrees dismissing his bills of complaint plaintiff brings these appeals. The question presented is whether plaintiff has established acceptances by defendant of his offers to purchase.

Upon receipt of plaintiff's offers defendant set in motion the usual procedure, above outlined, with which plaintiff was familiar. The only official actions taken by the defendant commission, namely, adoption of the above motions, amounted only to

approvals of the offers for posting but did not constitute unconditional acceptances. Analogous is *Schultz* v. *Carlson,* 313 Mich 432, in which we held that an administratrix's acceptance of an offer to buy the estate's realty subject to confirmation by the probate court did not constitute an agreement enforceable in a suit for specific performance. The postings themselves, made in pursuance of the motions, were not acceptances, but merely invitations for further bids. The records disclose no express or implied agreements by defendant to accept either the initial or the highest subsequent offers received on or before the deadlines fixed in the postings; nor was it shown that that had been the uniform practice of defendant upon which plaintiff would have had a right to rely. The action of defendant's employee, in the 1 case, in stating to plaintiff that the property was his and in accepting a down payment and giving plaintiff a receipt therefor was not shown to have been authorized by the defendant commission and was, therefore, not binding on it. *Jacob* v. *Gratiot Central Market Co.,* 267 Mich 262.

Decrees in both cases affirmed, with costs to defendant.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.