PRESNELL v WAYNE BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 48149. Submitted December 4, 1980, at Detroit.—Decided
April 10, 1981.

The Wayne County Board of County Road Commissioners agreed
to pay Hettie Presnell $9,500 as damages to her property which
abutted a road widening project undertaken by the board. For
reasons which are immaterial to the present litigation, the
board did not pay that money. After Hettie Presnell had sold
the proeprty to Gerald and Mary King, she commenced in
Wayne Circuit Court an action against the board for that
money, basing her claim on breach of contract and inverse
condemnation. The board brought a third-party action against
the Kings. Thomas Presnell, personal representative of the
estate of Hettie Presnell, was substituted as plaintiff upon the
death of Hettie Presnell. On the day set for trial, the board's
attorney on the record in open court entered into a settlement
agreement whereby the board would pay to plaintiff $5,000 in
damages and $1,200 in interest. The board refused to ratify the
settlement, fearing additional liability to the Kings. Plaintiff
moved for entry of judgment. The board argued that, since the
board's attorney was without authority to enter into a settle-
ment agreement and since the board had refused to ratify the
agreement, the agreement was not binding on the board. The
trial judge, John A. Murphy, J., found that the agreement was
binding and entered the consent judgment. The board appeals.
*Held:*

The attorney for the Wayne County Board of County Road
Commissioners was without authority to enter into a binding
compromise settlement. The board is bound by a compromise
settlement only upon ratification of the compromise settlement
by the board. Since the board refused to ratify the compromise
settlement, the board was not bound by the settlement's terms.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A Am Jur 2d, Compromise and Settlement § 5.
[2, 3] 7 Am Jur 2d, Attorneys at Law §§ 126, 127.
   15A Am Jur 2d, Compromise and Settlement §§ 11, 25, 27.

The trial court, accordingly, erred in entering a judgment on that settlement.

Reversed.

1. COMPROMISE AND SETTLEMENT — EVIDENCE TO VOID SETTLEMENT.

Compromises of pending controversies are favored by courts and will be voided only on satisfactory evidence of mistake, fraud or unconscionable advantage.

2. COMPROMISE AND SETTLEMENT — ATTORNEY AND CLIENT — SPECIAL AUTHORIZATION — RATIFICATION.

An attorney who has conduct of a lawsuit is presumed to have authority to act on the client's behalf; however, that presumed authority does not permit an attorney to compromise a client's claim absent prior special authority, subsequent ratification of a settlement by the client being necessary to bind the client in the absence of prior special authorization.

3. COMPROMISE AND SETTLEMENT — MUNICIPAL CORPORATIONS — ATTORNEY AND CLIENT — SCOPE OF ATTORNEY'S AUTHORITY.

An attorney for a county board of road commissioners has no authority, in the absence of prior special authority from the board itself, to compromise claims against the board without first seeking ratification of the compromise from the board; a compromise entered into by the board's attorney is not binding on the board until ratified by the board.

*Ryan, Unwin & Archbold,* for plaintiff.

*Robert E. Murphy* and *Frank A. O'Boyle, Jr.,* for defendant.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

PER CURIAM. This lawsuit arose out of a dispute between plaintiff's decedent and the defendant board. Hettie Presnell claimed that after the defendant board had widened the street in front of property she formerly owned in Garden City, defendant agreed to pay her $9,500 for damages resulting from the change in grade to her prop-

* Circuit judge, sitting on the Court of Appeals by assignment.

erty. For reasons immaterial to this appeal, the money was never paid. Hettie Presnell then filed suit against the board for breach of contract and inverse condemnation. Since Hettie Presnell died prior to the trial date, her son, Thomas Presnell, personal respresentative of Hettie Presnell's estate, became plaintiff in the action.

On the date set for trial, and following a settlement conference, the parties entered into a settlement agreement on the record in open court. The terms of the agreement were that defendant would pay plaintiff $5,000 for damages plus $1,200 interest, for a total of $6,200.

The terms of the settlement agreement were brought before the Wayne County Board of County Road Commissioners at its next meeting, two days later, by defendant's managing director. The board determined that, since Hettie Presnell had sold her property to new owners to whom the board might also be liable, it could not legally expend public funds to settle with plaintiff. It therefore refused to ratify the settlement placed on the record in open court.

On October 15, 1979, a hearing was held on plaintiff's motion for entry of judgment. The defendant board argued that, since its attorney was without authority to enter into the settlement agreement and since the defendant board had refused to ratify the agreement, the agreement was not binding. The trial court stated that it specifically remembered defendant's counsel telling it that he had the authority to settle for the amount of the settlement. Defense counsel responded that he had received such authorization from the board's managing director, Mr. O'Rourke, but added that Mr. O'Rourke's authorization was invalid because as a matter of law, defense counsel

needed the entire board's authorization. The trial court concluded that the settlement agreement was binding and entered the consent judgment, from which defendant appeals as of right.

As a general rule, the "[c]ompromise of pending controversies are *[sic]* favored by the courts and will only be voided on satisfactory evidence of mistake, fraud or unconscionable advantage". *Pedder v Kalish,* 26 Mich App 655, 658; 182 NW2d 739 (1970). As another general rule, it has been said that an "attorney who has the conduct of a lawsuit is presumed to have authority to act on his client's behalf". *Jackson v Wayne Circuit Judge,* 341 Mich 55, 59; 67 NW2d 471 (1954). This general rule, however, has not been extended to permit an attorney to compromise a client's claim absent specific authority from the client to do so. In *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142, 147; 132 NW2d 75 (1965), the Michigan Supreme Court stated the rule as follows:

"The principle which governs this case is set forth in 66 ALR 107 *et seq.,* as supplemented in 30 ALR2d 944 *et seq.,* as follows:

" 'The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client.' (Citing numerous cases.)

"The above rule has been adhered to in Michigan in *Eaton v Knowles,* 61 Mich 625 [28 NW 740 (1886)], *Fetz v Leyendecker,* 157 Mich 355 [122 NW 100 (1909)], *Peoples State Bank v Bloch,* 249 Mich 99 [227 NW 778 (1929)], and most recently in *Wells v United Savings Bank of Tecumseh,* 286 Mich 619 [282 NW 844 (1938)]." (Footnote deleted.)

The question on appeal is whether the general rule for setting aside compromises and settlements, as enunciated in *Pedder v Kalish, supra,* should apply to the facts of this case. The Wayne County Board of County Road Commissioners is a "body corporate", and it derives its powers from the Legislature. MCL 224.9; MSA 9.109 provides that:

"(1) The board of county road commissioners shall constitute and be a body corporate with the right of making and using a common seal and altering the same. A majority of the members of the board shall constitute a quorum for the transaction of business. * * *

"(2) The board shall annually appoint 1 member as chairperson to serve during the pleasure of the board. The board of county road commissioners shall act as an administrative board only and the function of the board shall be limited to the formulation of policy and the performance of official duties imposed by law * * *.

"(3) * * * The board shall be known as the board of county road commissioners * * * and * * * may sue and be sued * * *."

Regardless of whether it is called a "body politic" or a "body corporate", the Board of County Road Commissioners is a municipal corporation, and many of the rules and attributes associated with corporations also apply to municipal corporations.

"A municipal corporation is a body politic created by organizing the inhabitants of a prescribed area, under the authority of the legislature, into a corporation with all the usual attributes of a corporate entity, but endowed with a public character by virtue of having been invested by the legislative with subordinate legislative powers to administer local and internal affairs of the community * * *." 56 Am Jur 2d, Municipal Corpora-

tions, Counties, and Other Political Subdivisions, § 4, p 73.

Because MCL 224.9, confers on the board the power to sue or be sued, the board also has the implied power to compromise or settle claims arising out of a subject matter concerning which it has the general power to contract. 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 806, p 808.

The dispositive question is who is authorized to compromise a claim in favor or against the public body. Since there is a scarcity of law on this point in Michigan, we turn to the authorities on the law of municipal corporations. In 17 McQuillin, Municipal Corporations (1967 rev vol), § 48.18, pp 124-126, it is stated:

"To be legal and binding the compromise must be made by the duly authorized corporate officers. In municipal corporations proper, where the representative form of government prevails, and the corporators or inhabitants choose officers to represent and act for them in all matters which concern the interests of the corporation, the power of compromise usually exists in the mayor or the governing legislative body, generally denominated the common council. *Other officers are without authority to compromise, unless authorized by law.* * * *

"*In counties and other civil subdivisions * * * the power of compromise usually exists in the representative boards, variously designated as courts, commissioners, supervisors and boards.*" (Emphasis added.)

Concerning the ability of municipal corporation attorneys and other municipal officers to compromise claims, a general rule may be stated:

"A law officer of a municipal corporation has as a

general rule no authority to compromise a claim or a pending action, in the absence of statutory authorization. Thus, it has been held that a county attorney, a corporation counsel of a city, or a city attorney, has no authority to compromise a claim without permission of the municipality." (Footnotes ommitted.) 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 812, p 811.

Since a municipal corporation has many of the attributes of a regular public or private corporation, general rules pertaining to corporate law also aid our inquiry. In 2 Fletcher, Cyc Corporations (perm ed, 1969 rev vol), § 700, p 931, the author states:

"The manager of a corporation has no authority, by virtue of his office alone, to adjust or settle any disputed claims against his corporation, unless such authority may be implied from a previous cause of conduct or dealing."

In 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 276, p 327, it is stated:

"The general rule, with regard to municipal officers, is that they have only such powers as are expressly granted by statute or by sovereign authority or those which are necessarily to be implied from those granted."

Applying the foregoing principles of law to the facts in the instant case, we are of the opinion that the trial court erred in entering the consent judgment after the Wayne County Board of County Road Commissioners failed to ratify the tentative settlement that had been placed on the record in open court. By statute, the *board* is given

the authority to sue and be sued and, by implication, to compromise and settle actions. Even then, to be binding, the settlement must be ratified by the *whole* board, sitting together as an entity. There is no indication on the record that Mr. O'Rourke, the board's managing director, had the authority, either by statute or by resolution of the board, to compromise and settle claims. Likewise, there is no indication that Mr. O'Boyle, the board's attorney, had such authority. In short, the action of defendant's employee, Mr. O'Rourke, in making a representation that plaintiff's claim could be settled for $5,000, has not been "shown to have been authorized by the defendant commission and was, therefore, not binding on it". *Kleiman v Wayne Board of County Road Comm'rs,* 336 Mich 602, 605; 58 NW2d 816 (1953). In addition to a lack of evidence to support a finding that Mr. O'Rourke had the actual authority, express or implied, to bind the board, plaintiff has presented no evidence from which we could conclude Mr. O'Rourke had the apparent authority to do so.

Reversed.

No costs, a matter of public issue being involved.