COATES v DRAKE

Docket No. 64295. Submitted October 12, 1983, at Detroit.—Decided
    February 6, 1984.

    In April, 1980, Charles Coates and Carol Peck retained an attor-
    ney, Kenneth E. Kraepel, to pursue their claims for personal
    injuries against Glenn E. Drake and North American Van
    Lines. Kraepel proceeded to institute a suit in Wayne Circuit
    Court against Drake and North American Van Lines. Discovery
    proceedings were pursued and settlement negotiations were
    undertaken by the parties. In March, 1981, Kraepel, without
    the express or implied consent of plaintiffs, entered into a
    settlement with defendants in the amount of $17,000, forged
    the signatures of plaintiffs on the releases tendered to defen-
    dants, stipulated to the dismissal of plaintiffs' suit, accepted the
    settlement checks made out to plaintiffs and himself, and
    negotiated the settlment checks after having forged plaintiffs'
    endorsements. Plaintiffs did not become aware of the settle-
    ment and the dismissal with prejudice of their action until late
    1981, whereupon they secured a new attorney, who shortly
    thereafter filed in circuit court a motion to set aside the order
    of dismissal. The trial court, Joseph B. Sullivan, J., denied the
    motion to set aside the order of dismissal. Plaintiffs appeal by
    leave granted. *Held:*

    1. The denial of a motion for relief from judgment will not be
    disturbed on appeal absent a clear showing of an abuse of
    discretion by the trial court.

    2. In addition to those factors set forth in the court rule
    governing relief from a judgment, relief from a judgment may
    be granted upon a showing that there exist extraordinary
    circumstances which warrant the setting aside of the judgment
    in order to achieve justice and that the substantial rights of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 676.
[2] 46 Am Jur 2d, Judgments § 708.
[3, 4] 7 Am Jur 2d, Attorneys at Law §§ 156, 157.
    15A Am Jur 2d, Compromise and Settlement § 11.
[4] 15A Am Jur 2d, Compromise and Settlement § 46.

opposing party will not be detrimentally affected by the setting aside of the judgment.

3. A compromise of a claim by an attorney is not valid and binding on the client unless the attorney has been specifically authorized by the client to enter into the compromise or the client has ratified the act of the attorney. The nonbinding character of an attorney's compromise of the client's claim under circumstances where there is no authorization or ratification by the client is applicable even where the compromise has been formalized by means of a judgment or court order.

4. For the purpose of a motion for relief from judgment based on a claim that a settlement made by an attorney was made without the client's authorization or ratification, a presumption arises that the settlement was authorized or ratified by the client. The client has the burden of establishing the absence of authorization or ratification; however, courts, in applying the presumption, should bear in mind the difficulty of proving a negative such as the absence of authorization or ratification.

5. Since it was undisputed that plaintiffs did not authorize or consent to the settlement accepted by their attorney and did not discover the fact of settlement until long after the dismissal of their action, the trial court abused its discretion in denying plaintiffs' motion to set aside the order dismissing their action.

Reversed and remanded.

1. JUDGMENTS — RELIEF FROM JUDGMENT — MOTIONS — APPEAL.

The denial by the trial court of a motion for relief from a judgment will not be disturbed on appeal absent a clear showing of an abuse of discretion (GCR 1963, 528.3).

2. JUDGMENTS — RELIEF FROM JUDGMENT — EXTRAORDINARY CIRCUMSTANCES — SUBSTANTIAL JUSTICE.

A motion for relief from a judgment may be granted where none of the specific factors set forth in the court rule governing relief from a judgment are present upon a showing that there exist extraordinary circumstances which warrant setting the judgment aside in order to achieve justice and that the substantial rights of the opposing party will not be detrimentally affected by setting aside the judgment (GCR 1963, 528.3).

3. ATTORNEY AND CLIENT — COMPROMISE OF CLAIM — JUDGMENTS — RELIEF FROM JUDGMENT.

An attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action, it being necessary to have precedent special authority or subsequent ratification to make such a compromise valid and binding on

the client; the nonbinding character of an attorney's compromise exists even where the compromise had been reduced to a judgment and the client is seeking relief from that judgment.

4. ATTORNEY AND CLIENT — COMPROMISE OF CLAIM — JUDGMENTS — RELIEF FROM JUDGMENT — PRESUMPTIONS.

A movant seeking relief from judgment on the basis that the movant's attorney, without prior authorization or subsequent ratification by the movant, compromised the movant's claim and permitted entry of the judgment on that compromise is presumed to have authorized the attorney to compromise the claim; the movant has the burden of showing that the attorney's actions were undertaken without the movant's authorization or ratification.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald J. Gasiorek),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Joseph G. Lujan* and *Christine Oldani),* for defendants.

Before: MACKENZIE, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

MACKENZIE, P.J. Plaintiffs appeal by leave granted from the circuit court's order denying their motion brought under GCR 1963, 528.3 to set aside an order dismissing with prejudice their suit against defendants. The concise statement of facts, stipulated to by the parties and certified by the circuit court, provides in pertinent part as follows:

"1. Plaintiffs claim that on April 25, 1980, they retained the services of Attorney Kenneth E. Kraepel to pursue claims for personal injuries against defendants arising out of an automobile accident which occurred on April 19, 1980.

"2. Attorney Kraepel proceeded to institute suit against defendants in the Circuit Court for the County

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Wayne. Discovery proceedings were pursued, and the parties engaged in settlement negotiations. Plaintiffs allege that on or about March 16, 1981, without their knowledge and without their express or implied consent, Attorney Kraepel accepted from defendants $17,-000 in settlement of this suit and forged plaintiffs' signatures upon releases tendered to defendants and upon the checks presented by defendants and made payable to plaintiffs and Attorney Kraepel.

"3. On March 19, 1981, pursuant to a stipulation for dismissal signed by Attorney Kraepel and defendants' attorney, an order for dismissal dismissing the matter with prejudice and without costs was entered.

"4. Plaintiffs claim that they did not discover the fact that their action had been dismissed until late in 1981, when, in a phone call to defendants' counsel, they were advised that the case had been settled.

"5. On or about January 25, 1982, the Attorney Grievance Commission instituted an action against Attorney Kraepel based upon his unauthorized settlement of plaintiffs' suit and his misappropriation to his own use of the $17,000 paid by defendants. On this same date, Mr. Kraepel executed a stipulation and order revoking his license to practice law.

"6. On January 28, 1982, plaintiffs secured new counsel to represent their interest in this suit and on March 25, 1982, motions were filed to substitute counsel and to set aside the dismissal of this cause. Plaintiffs have also filed claims with the State Bar of Michigan Client Security Fund.

"7. On two occasions, the trial court heard oral arguments on plaintiffs' motion to set aside order of dismissal. Between the time of those arguments, the parties were given the opportunity to file additional briefs. Thereafter on April 22, 1982, the circuit court entered an order denying plaintiffs' motion to set aside the order of dismissal."

Neither on appeal nor below have defendants disputed plaintiffs' allegation that at no time did they authorize or consent to the settlement of $17,000 accepted by their attorney and that they

did not discover the settlement and dismissal until November of 1981.

The denial of a motion for relief from a judgment brought under GCR 1963, 528.3 will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Lark v Detroit Edison Co,* 99 Mich App 280, 282; 297 NW2d 653 (1980), *lv den* 410 Mich 906 (1981). Relief may be granted under GCR 1963, 528.3(6) for "any other reason justifying relief from the operation of the judgment" if subsections (1) through (5) are inapplicable, extraordinary circumstances exist which warrant setting aside the judgment in order to achieve justice, and the substantial rights of the opposing party will not be detrimentally affected by setting aside the judgment. *Lark, supra,* p 284; *Kaleal v Kaleal,* 73 Mich App 181, 189; 250 NW2d 799 (1977), quoting Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 189. The only subsection other than (6) of GCR 1963, 528.3 which might at first blush appear applicable is (3), but a close reading reveals that (3) is limited to fraud, misrepresentation, or other misconduct "by an adverse party". In the present case, the misconduct was engaged in by plaintiffs' own attorney, and it is undisputed that defendants were not responsible for that misconduct.

The circuit court denied plaintiffs' motion by determining that *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142; 132 NW2d 75 (1965), was inapplicable to the instant case. The Supreme Court in *Henderson, supra,* held that a settlement of the plaintiff's claim, entered into by the plaintiff's attorney without the plaintiff's authorization and the proceeds of which the attorney converted to his own use, was not binding on the plaintiff and did not bar her suit against the defendant,

even though the defendant entered into the settlement in good faith and was innocent of any wrongdoing. In so holding, the Court explained:

"The principle which governs this case is set forth in 66 ALR 107 *et seq.,* as supplemented in 30 ALR2d 944 *et seq.,* as follows:

" 'The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a comrpomise valid and binding on the cleint.' (Citing numerous cases.)

"The above rule has been adhered to in Michigan in *Eaton v Knowles,* 61 Mich 625 [28 NW 740 (1886)]; *Fetz v Leyendecker,* 157 Mich 355 [122 NW 100 (1909)]; *Peoples State Bank v Bloch,* 249 Mich 99 [227 NW 788 (1929)]; and most recently in *Wells v United Savings Bank of Tecumseh,* 286 Mich 619 [282 NW 844 (1938)]." 374 Mich 147. (Footnote omitted.)

See also *Michigan Nat'l Bank of Detroit v Patmon,* 119 Mich App 772, 775; 327 NW2d 355 (1982); *Presnell v Wayne Bd of County Road Comm'rs,* 105 Mich App 362, 365; 306 NW2d 516 (1981).

The trial court agreed with defendants that the rule of *Henderson* was inapplicable because in that case there was conflicting testimony regarding whether the miscreant attorney, Davies, had assumed control of the plaintiff's case. Davies contended that he was responsible for the conduct of the case, while his law partner, Chalfin, who entered into the contingent agreement with the plaintiff, claimed he merely told Davies to work on the case and that he (Chalfin) remained personally responsible. *Henderson, supra,* p 144. However, our reading of *Henderson* leads us to conclude that

this circumstance was not determinative of the result reached in that case. Rather, the Court stated that it found the settlement was not a bar to the plaintiff's suit because there was "nothing in the record to indicate that Davies had authority from plaintiff *to compromise her claim against defendant"*, *Henderson, supra,* p 147 (emphasis added), and not because Davies lacked authority to represent the plaintiff. The *Henderson* Court made no determination as to whether Davies did indeed have authority to represent the plaintiff because, even if he did, under the above-quoted rule adopted by the Court, he lacked precedent special authority to enter into the settlement and the plaintiff did not subsequently acquiesce in or ratify the settlement. Thus, we find that the court ered in finding *Henderson, supra,* inapplicable on this ground.

Defendants also contend that *Henderson, supra,* is inapplicable to the present case because here plaintiffs seek to vacate a court order of dismissal, whereas *Henderson* dealt only with whether an extrajudicial settlement agreement barred the plaintiff's suit. Thus, defendants would limit the application of the above-quoted rule adopted by the *Henderson* Court to cases where the settlement agreement was not reduced to a consent judgment or a court order of dismissal. Defendants urge that the rule applicable to the present case is that an attorney has implied authority to settle his client's claim and, if the client fails to deny or repudiate that authority before a court order or judgment is entered, this works as a ratification of the settlement by the client. Defendants rely on *Jackson v Wayne Circuit Judge,* 341 Mich 55; 67 NW2d 471 (1954); *Bielby v Allender,* 330 Mich 12; 46 NW2d 445 (1951), and *Tudryck v Mutch,* 320

Mich 99; 30 NW2d 518 (1948). These three decisions all involved situations, similar to the present case, where the clients sought relief from consent judgments, entered on the basis of settlement agreements made by their attorneys, on the ground that they had not authorized or consented to the settlements and the Supreme Court affirmed denial of relief. However, those cases are factually distinguishable. In *Jackson, supra,* one of the clients had authorized the settlement, and there was no showing of fraud or deceit on the part of the attorney. In *Bielby, supra,* the client had made representations to his attorney which caused the attorney to believe that the settlement was agreeable to the client. Finally, in *Tudryck, supra,* there was convincing evidence that the client had authorized the settlement.

Moreover, although there is some language in *Jackson, Bielby,* and *Tudryck* which tends to support the rule of law advocated by defendants, we do not find that language controlling. Rather, we believe it proper to follow the rule pronounced in the more recent case of *Henderson, supra,* that a settlement, made by an attorney without prior special authorization and which was not subsequently ratified by the client, is not binding on the client, and hold that this rule applies equally to cases where relief from a judgment or court order is sought. Indeed, federal courts have recognized that relief from a judgment may be granted where the judgment was entered pursuant to a settlement not authorized or ratified by the client. *Smith v Widman Trucking & Excavating, Inc,* 627 F2d 792, 796 (CA 7, 1980); *Bradford Exchange v Trein's Exchange,* 600 F2d 99, 102 (CA 7, 1979); *Thomas v Colorado Trust Deed Funds, Inc,* 366 F2d 136, 139 (CA 10, 1966).

Furthermore, the only possible justification for limiting *Henderson, supra,* to cases where relief from an extrajudicial settlement is sought, and applying a stricter rule where relief from a judgment or court order is sought, is the interest in promoting the finality of those judgments or orders. However, that interest must be balanced against the goal of remedying injustice. Contrary to defendants' assertions, plaintiffs' remedy of recovering the $17,000 settlement from attorney Kraepel, the bank which negotiated the forged check, or the Michigan Client Security Fund is not sufficient to prevent injustice, since plaintiffs never agreed to or ratified that settlement figure as representing adequate compensation for their claim. In addition, under the rule advocated by defendants, plaintiffs would not be entitled to relief from the order dismissing their suit because they failed to deny or repudiate attorney Kraepel's authority to settle before the dismissal order was entered, even though it is undisputed that plaintiffs had no notice of the settlement until after the order was entered.

We do agree with defendants on one matter: where a party moves for relief from a judgment under GCR 1963, 528.3 on the ground that his or her attorney had no authority to enter into a settlement, it is to be presumed that the attorney had authorization and the movant must overcome that presumption. The federal courts have followed this approach where relief from a judgment is sought on this ground. *Smith, supra; Bradford Exchange, supra; Thomas, supra.* Our Supreme Court in *Bielby, supra,* p 15, also spoke of the presumption that an attorney of record has his client's authorization in confessing judgment. Those Michigan cases referring to the burden

being on the opposing party to show authorization or ratification all involved situations where, though there was a settlement agreement, no court order or judgment had been entered which one of the parties was attempting to set aside. *Peoples State Bank For Savings v Bloch,* 249 Mich 99, 104; 227 NW 778 (1929); *Michigan Nat'l Bank, supra,* p 777. We believe that the interest in promoting the finality of court judgments and orders justifies a presumption of validity and authorization which the movant must overcome. However, in applying this presumption, courts should bear in mind the difficulty of proving a negative, such as the absence of authorization or ratification.

Plaintiffs satisfied their burden in the present case, and we find that the circuit court abused its discretion in denying plaintiffs' motion to set aside the dismissal order. Applying the rule of *Henderson, supra,* it was undisputed that plaintiffs did not specially authorize attorney Kraepel to settle and stipulate to dismissal. Nor was there any indication that plaintiffs ratified or acquiesced to the settlement and dismissal. That plaintiffs are apparently pursuing recovery of the $17,000 from the bank or the Michigan Client Security Fund does not represent ratification, but, as plaintiffs admit, any recovery shall be deducted from any award of damages plaintiffs obtain in their lawsuit against defendants. Extraordinary circumstances were presented here justifying relief under GCR 1963, 528.3(6), and defendants have failed to show that affording plaintiffs relief will pose a detriment to their substantial rights. *Lark, supra; Kaleal, supra.* While defendants assert harm to their right to rely on the settlement, we do not perceive this to be a substantial right warranting denial of relief

to plaintiffs, given the circumstances under which the settlement was made. Also, although defendants point to the approximately one-year delay between the dismissal order and plaintiffs' motion to set aside, defendants do not show specifically how this delay has prejudiced them, and we cannot say that plaintiffs unreasonably delayed in bringing the motion once they discovered that their suit had been dismissed.

Reversed and remanded for entry of an order granting plaintiffs' motion and setting aside the earlier order of dismissal. Costs to appellants.