BIGGER v CADILLAC MALLEABLE IRON COMPANY

Docket No. 84186. Submitted June 27, 1986, at Grand Rapids. Decided December 16, 1986.

Carl W. Bigger injured his hand in the course of his employment with Cadillac Malleable Iron Company and filed a petition for hearing with the Bureau of Workers' Disability Compensation, after he stopped receiving workers' compensation benefits for the injury. However, the bureau dismissed the petition upon the request of Bigger's attorney. Bigger retained a second attorney who requested reinstatement of the petition for hearing, arguing that the first attorney had moved to dismiss the petition without Bigger's consent or knowledge. The Workers' Compensation Appeal Board denied the request for reinstatement. Bigger appealed by leave granted.

The Court of Appeals *held:*

1. An attorney's authority to settle or dismiss a client's case in an administrative proceeding is subject to the same rule employed in general civil lawsuits, i.e., an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action, it being necessary to have precedent special authority or subsequent ratification to make such a compromise valid and binding on the client.

2. In order for the WCAB to determine whether a petition for hearing, allegedly withdrawn by an attorney without the claimant's consent, should be reinstated, it must first be determined whether the attorney had the claimant's permission to withdraw the petition. If the attorney did have the claimant's permission, then it would be within WCAB's discretion to permit the reinstatement of the petition. However, if the attorney did not have the claimant's permission, then, as a matter of law, the petition must be reinstated absent prejudice to the opposing party.

3. In this case, the record did not disclose whether the first

REFERENCES

Am Jur 2d, Attorneys at Law §§ 118-120.

Am Jur 2d, Workmen's Compensation § 638.

See the annotations in the Index to Annotations under Worker's Compensation.

attorney had authority to withdraw Bigger's petition. A remand to the WCAB, therefore, is necessary for a determination of this factual issue and the application of the rule discussed above.

Reversed and remanded for further proceedings.

1. COMPROMISE AND SETTLEMENT — ATTORNEY AND CLIENT — ADMINISTRATIVE LAW.

An attorney's authority to settle or dismiss a client's case in an administrative proceeding is subject to the same rule employed in general civil lawsuits, i.e., an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action, it being necessary to have precedent special authority or subsequent ratification to make such a compromise valid and binding on the client.

2. WORKERS' COMPENSATION — PETITIONS FOR HEARING — DISMISSAL — REINSTATEMENT.

The Workers' Compensation Appeal Board, when determining whether a petition for hearing allegedly dismissed by a claimant's attorney without the claimant's consent should be reinstated, must first determine whether the attorney had the claimant's permission to withdraw the petition; if the attorney did have the claimant's permission, then it would be within the board's discretion to permit the reinstatement of the petition; however, if the attorney did not have the claimant's permission, then, as a matter of law, the petition must be reinstated absent prejudice to the opposing party.

*Timothy J. Bott Law Offices, P.C.* (by *Timothy J. Bott*), for plaintiff.

Before: R. B. BURNS, P.J., and R. M. MAHER and F. D. BROUILLETTE,* JJ.

F. D. BROUILLETTE, J. Plaintiff appeals by leave granted from a decision of the Workers' Compensation Appeal Board, which denied reinstatement of plaintiff's petition for hearing on his claim for disability compensation benefits. We reverse.

Plaintiff suffered an industrial injury to his hand on April 20, 1979. Plaintiff received compen-

* Circuit judge, sitting on the Court of Appeals by assignment.

sation benefits from April 21, 1979, until June 11, 1979, when his benefits were stopped.

A petition for hearing on plaintiff's disability claim was filed February 6, 1984. At that time, plaintiff was represented by the law offices of Thomas R. Rensberry. According to plaintiff's brief on appeal, plaintiff was notified on June 29, 1984, that Rensberry was closing plaintiff's file for lack of progress on the case. Plaintiff then consulted with his present attorney, Timothy Bott. On July 20, 1984, Bott informed Rensberry that he would be proceeding with plaintiff's claim. Apparently, at that time, neither plaintiff nor Bott had yet learned that Rensberry had filed a petition in February.

While these events were developing, Rensberry sent a motion to dismiss the petition for hearing to the Bureau of Workers' Disability Compensation on July 9, 1984. On July 18, 1984, a letter was sent to plaintiff from Chief Deputy Director John P. Miron, stating that the request for withdrawal of the petition for hearing had been granted. Allegedly, the motion to dismiss the February, 1984 petition was made without plaintiff's consent or knowledge.

Bott then filed on plaintiff's behalf a claim for review of the dismissal, with said claim being received by the bureau on August 2, 1984. The basis of the claim of review was that the earlier petition had been withdrawn by Rensberry against plaintiff's wishes. Accompanying the claim for review was a new petition for hearing. On March 19, 1985, the WCAB entered an order denying plaintiff's request for reinstatement of the original petition, concluding that "no good cause has been shown [to] this Board for reinstatement."

We begin by noting that, at the time of the dismissal of plaintiff's original petition in 1984,

MCL 418.851; MSA 17.237(851) provided that a claim for review must be filed within fifteen days of the order to be reviewed. The "order" being reviewed in this case is the July 18, 1984, letter by the chief deputy director which granted the withdrawal of the application for hearing. Since plaintiff's application for review was received by the WCAB within fifteen days, the application for review was timely.

The question presented to this Court on appeal is whether an attorney may dismiss a client's case in an administrative proceeding without the client's authorization or consent and, if not, what a client's legal remedy is if an attorney improperly obtains a dismissal of a case.

While our research has failed to reveal a case in which an attorney's authority to settle or dismiss a client's case in an administrative proceeding setting has been considered, we conclude that the same rule employed in general civil lawsuits should be applied to administrative proceedings. The authority of an attorney to compromise a case on behalf of his client was discussed by this Court in *Coates v Drake,* 131 Mich App 687, 691-692; 346 NW2d 858 (1984):

> The circuit court denied plaintiffs' motion by determining that *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142; 132 NW2d 75 (1965), was inapplicable to the instant case. The Supreme Court in *Henderson, supra,* held that a settlement of the plaintiff's claim, entered into by the plaintiff's attorney without the plaintiff's authorization and the proceeds of which the attorney converted to his own use, was not binding on the plaintiff and did not bar her suit against the defendant, even though the defendant entered into the settlement in good faith and was innocent of any wrongdoing. In so holding, the Court explained:

"The principle which governs this case is set forth in 66 ALR 107 *et seq.*, as supplemented in 30 ALR2d 944 *et seq.*, as follows:

" 'The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a comrpomise [sic] valid and binding on the cleint [sic].' (Citing numerous cases.)

"The above rule has been adhered to in Michigan in *Eaton v Knowles,* 61 Mich App 625 [28 NW 740 (1886)]; *Fetz v Leyendecker,* 157 Mich 355 [122 NW 100 (1909)]; *Peoples State Bank v Bloch,* 249 Mich 99 [227 NW 788 (1929)]; and most recently in *Wells v United Savings Bank of Tecumseh,* 286 Mich 619 [282 NW 844 (1938)]." [374 Mich 147.]

See also *Michigan Nat'l Bank of Detroit v Patmon,* 119 Mich App 772, 775; 327 NW2d 355 (1982); *Presnell v Wayne Bd of County Road Comm'rs,* 105 Mich App 362, 365; 306 NW2d 516 (1981).

Applying this reasoning to the case at bar, we conclude that the WCAB should have set aside the dismissal of plaintiff's original petition for hearing if it was determined that plaintiff's original attorney, Mr. Rensberry, was without authority, specifically granted by plaintiff, to have the case dismissed and the dismissal was obtained without plaintiff's consent. That, of course, presents a question of factual determination for the WCAB. Our review of a WCAB decision is limited to reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in the record to support the findings of fact made by the WCAB. *Loper v Cascade Twp,* 135 Mich App 106, 110; 352 NW2d 357 (1984). However, in the case at bar, the WCAB could make

no finding that Rensberry had the authority to obtain a dismissal of plaintiff's petition for review since the record contains no evidence on the scope of Rensberry's authority. The lack of evidence is a result of the fact that the bureau never held an evidentiary hearing, either before the WCAB or before a hearing referee, to determine the scope of Rensberry's authority.[1]

In order for the WCAB to determine whether a withdrawn petition should be reinstated, it must first be determined whether the attorney had the client's permission to withdraw the petition. If the attorney did have the client's permission, then it would be within the WCAB's discretion to permit the reinstatement of the petition. However, if the attorney did not have the client's permission, then, as a matter of law, the petition must be reinstated absent prejudice to the opposing party.[2]

Since there is no evidence in the record to support a conclusion that Rensberry had been authorized by plaintiff to withdraw the petition or that plaintiff consented to the withdrawal, the WCAB's decision is not supported by any evidence on the record. Accordingly, the decision of the WCAB is reversed and the case is remanded.

On remand, the WCAB is to factually determine whether Rensberry was authorized to withdraw

---

[1] Our opinion should not be read as requiring an evidentiary hearing in every case in which an attorney attempts to withdraw a petition. Rather, the bureau may, in the first instance, proceed with the assumption that an attorney possesses the authority to withdraw a petition. However, once a client objects and states that no such authority existed, the bureau must make the factual determination as set forth in this opinion.

[2] One example of prejudice to an opposing party might be an unduly long passage of time from the withdrawal of the petition until the employee seeks reinstatement of the petition. However, this is not the situation presented in the case at bar since plaintiff sought reinstatement of the petition within fifteen days of the bureau's granting the withdrawal.

plaintiff's petition for hearing. If the WCAB answers that question in the affirmative, it shall exercise its discretion in determining whether plaintiff should be permitted to reinstate the original petition. If the WCAB answers that question in the negative, and there is no showing of prejudice to defendant, the WCAB shall order plaintiff's original petition to be reinstated.[3]

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. No costs, a question of public importance being involved.

---

[3] The importance to plaintiff of the reinstatement of the original petition is that, without reinstatement, he may be adversely affected by the "two-year back" rule. MCL 418.381(2); MSA 17.237(381)(2).