# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 11, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151067

KENT COUNTY PROSECUTING ATTORNEY,
            Plaintiff-Appellant,

v                                                                    SC:  151067
                                                                     COA:  316422
                                                                     Kent CC:  12-011068-CZ

CITY OF GRAND RAPIDS,
            Defendant-Appellee,

and

DECRIMINALIZEGR,
            Intervening Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the January 8, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would grant leave to appeal for the reasons set forth by Justice VIVIANO, as well as to address whether, given that MCL 117.36 of the Home Rule City Act provides that "[n]o provision of any city charter shall conflict with or contravene the provisions of any general law of the state," the November 2012 amendment of the Grand Rapids City Charter, by rendering certain marijuana offenses in Grand Rapids punishable by a $25 fine, can be reasonably said to "contravene," although not necessarily "conflict with," state laws that punish equivalent offenses "by imprisonment for not more than 1 year or a fine of not more than $2,000.00, or both." MCL 333.7403(2)(d).

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's order denying the application for leave to appeal by the Kent County Prosecuting Attorney (the County Prosecutor). I would have granted the application because I believe this case presents an important constitutional question concerning whether a home rule city may, through its charter, encroach upon a county prosecutor's broad power to enforce state law.

In November 2012, the voters of the city of Grand Rapids approved an amendment of the Grand Rapids City Charter (the Amendment) that purportedly renders the

possession, control, use, or giving away of marijuana a civil infraction.[1] The Amendment also prohibits city police officers and the city attorney from referring complaints of such conduct to the County Prosecutor.[2] The County Prosecutor sought a declaratory judgment that the Amendment usurps his authority and is preempted by state law. On appeal, the Court of Appeals affirmed the trial court's order that granted summary disposition to the city and intervening defendant DecriminalizeGR on the grounds that the Amendment is not preempted by state law and does not interfere with the County Prosecutor's rights, powers, or duties.[3] The County Prosecutor then sought leave to appeal in this Court.

I believe this case presents a conflict between the authority of a local municipality to govern its affairs and a county prosecutor's broad constitutional discretion as "the chief law enforcement officer of the county" to decide whether to prosecute or what charges to file.[4] The city of Grand Rapids, as a home rule city, is granted constitutional authority to create a plan of government regarding local matters.[5] And its police officers are permitted by state law the discretion to decide whether to make an arrest.[6] But the County Prosecutor is the proper constitutional officer to decide whether to pursue charges for violations of state law, not the city police or city officials.[7] Allowing "non-elected,

---

[1] Grand Rapids Charter, tit XVIII, § 292(a) and (b).

[2] *Id.* at § 292(d).

[3] *Kent Co Prosecuting Attorney v Grand Rapids*, unpublished opinion per curiam of the Court of Appeals, issued January 8, 2015 (Docket No. 316422).

[4] *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683 (1972) (stating that "[t]he prosecutor is a constitutional officer whose duties are as provided by law" and as "the chief law enforcement officer of the county . . . has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted."); see also Const 1963, art 7, § 4; *People v Gillis*, 474 Mich 105, 141 n 19 (2006) ("The power to determine whether to charge a defendant [with a criminal offense] and what charge should be brought is an executive power, which vests exclusively in the prosecutor."); *People v Williams*, 244 Mich App 249, 254 (2001) ("[T]he prosecutor alone possesses the authority to determine whether to prosecute the accused.").

[5] Const 1963, art 7, § 22; *Detroit v Walker*, 445 Mich 682, 690 (1994) ("Home rule cities are empowered to form for themselves a plan of government suited to their unique needs and, upon local matters, exercise the treasured right of self-governance.").

[6] MCL 764.15 (stating that "[a] peace officer . . . *may* arrest a person" in any of the various situations listed in the statute) (emphasis added).

[7] See *People v Evans*, 94 Mich App 4, 6 (1979) ("[The prosecutor] is the chief law enforcement officer of the county from which he is elected, not the police . . . or the courts."); *People v Matulonis*, 60 Mich App 143, 149 (1975) ("As the chief law enforcement officer in the county, the prosecuting attorney, not the police nor the court,

non-prosecutorial public officials to administer an ad hoc system of criminal justice" undermines the prosecutorial function.[8]

Therefore, I write separately to encourage the Legislature to clarify the rights and responsibilities of the city police and the County Prosecutor once an arrest is made. Or, if it so chooses, the Legislature could simply amend § 4*l* of the Home Rule City Act, MCL 117.4*l*, to include charter provisions within its ambit. That provision now states that "[a]n *ordinance* shall not make an act or omission a municipal civil infraction . . . if that act or omission constitutes a crime under . . . Article 7 of the public health code, 1978 PA 368, MCL 333.7101 to 333.7545."[9] However, as the Court of Appeals properly held, MCL 117.4*l*(3)(a) in its current form does not prevent the enactment of a *city charter* provision making the possession or use of marijuana a municipal civil

---

decides the initial charge."); see also *People v Gallego*, 430 Mich 443, 452 (1988) ("[T]he police lack[] the authority to make a binding promise . . . not to prosecute.").

[8] *Gallego*, 430 Mich at 452, 454. Indeed, an argument can be made that the power to direct local law enforcement agencies to provide investigative materials related to felony arrests within the county must necessarily be implied from a county prosecutor's constitutional power to determine what charges should be brought in a given case. See *Presnell v Wayne Bd of Co Rd Comm'rs*, 105 Mich App 362, 368 (1981) (" 'The general rule, with regard to municipal officers, is that they have only such powers as are expressly granted by statute or by sovereign authority or those which are necessarily to be implied from those granted.' "), quoting 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 276. The quoted language is now found in § 237 of that encyclopedia.

[9] MCL 117.4*l*(3)(a) (emphasis added). Article 7 of the Public Health Code criminalizes the possession and use of marijuana. See MCL 333.7403 and MCL 333.7404.

infraction.[10] Thus, this apparent loophole could easily be closed by amending § 4*l* to include charter provisions within the statutory prohibition.[11]

---

[10] *Kent Co Prosecuting Atty*, unpub op at 4.

[11] See *Walker*, 445 Mich at 690 ("[H]ome rule cities . . . may . . . exercise all powers not expressly denied.").



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 11, 2015



Clerk

s1208